FRANK FIELD v. DAVID KINNEAR, *et al.*

*Error from Leavenworth County.*

1. NEW TRIAL.—When the jury may reasonably be misled by the charge of the court, and the court for that reason grants a new trial, the order of the court granting a new trial will not be disturbed by the Supreme Court.

2. GRANTING AND REFUSING.—When a new trial has been granted by the district court, the Supreme Court will require a stronger case for interference than when one has been refused.*

This action, brought by defendant in error in the court below against the plaintiff in error, was to recover damages for flour delivered on a contract between them. Evidence was introduced on both sides of the question at issue and the court charged the jury as to the law in the case; and among others gave the following—the principal charge involved :

If the jury believe, from the weight of the evidence, that the flour, when delivered at the point of delivery, was inferior in quality to that contracted for, then, and in that event, the measure of damages would be the difference between the market value of such inferior flour and the market value of the quality of flour contracted for at that place ; but this inquiry is only proper for the jury when the weight of the evidence has shown that the flour at that point of delivery was not of the quality contracted for; if it was delivered at the point agreed upon, in good condition and of the quality contracted for, the defendant cannot be held liable for injury to the flour

---

*1.  WEIGHT OF EVIDENCE.—To be satisfied in law of the truth of a proposition of fact is to have every reasonable doubt of its truth removed, though popularly it may be understood in a wider sense.

2.  AMOUNT OF EVIDENCE REQUIRED.—In a civil action a party is not bound to prove his case by evidence that will satisfy the jury beyond a reasonable doubt, but only to prove his case by a preponderance of evidence.

accruing afterwards. A breach of the contract, and consequent damages, being alleged by the plaintiffs, the law imposes upon them the necessity of establishing by the weight of the evidence: *First*, That the contract has not been complied with, that is, that the defendant did not deliver, at the place of delivery, the quality of flour contracted for; and this fact must be fairly established, not simply guessed at or simply left in doubt; and, *Second*, The amount of damages sustained; and this, too, must be fairly established; the jury must be reasonably *satisfied*, that by reason of the violation of the contract, the plaintiffs have been damaged in so much money, before they can be justified in returning a verdict for any specific amount; unless the jury are *satisfied*, from the weight of the evidence, of the first point, to-wit: of the violation of the contract; they need not enquire further, but will return a verdict for the defendant.

*T. A. Hurd* and *Thomas P. Fenlon*, for plaintiff in error.

*E. Stillings*, for defendants in error.

*For plaintiffs*, it was submitted:

Defendants counsel, in the argument, made the point on this instruction: that the use of the word satisfied, which occurs twice, was improper, and calculated to mislead the jury, holding that word was correct only in, and applicable to, criminal cases; and that it was equivalent to and included in it the idea of conviction, beyond a reasonable doubt, and quoted section two, page four, 1st Greenleaf's Evidence as sustaining that idea. That section read as follows: " By satisfactory evidence, which is sometimes called sufficient evidence, is intended that

amount of proof which ordinarily satisfies an unprejudiced mind beyond a reasonable doubt." The same author, section one, says: "Things established by competent and satisfactory evidence are said to be proved." And, again: "The true question on trial of fact is, whether the facts are shown by competent and satisfactory evidence."

To put the proposition as the court did, is the correct statement of the law. To be satisfied concerning any disputed fact, is simply to have the mind at rest in regard to it. To be contented that such is the case, after having fairly considered the evidence on the subject and does not express that great, profound and unmoving conviction required in criminal cases, which is expressed by the words "satisfied beyond all reasonable doubt." If the word "satisfied," of itself, included all that, it would be but unmeaning tautology to use it in the trial of criminals; yet we all know it would be gross error to omit the expression in a charge to a jury in a criminal case.

Jurymen, in every case, should be satisfied that they are right before they decide questions that may effect the reputation or fortunes of citizens, and this is all the court told them.

But unless the jury were or might have been misled by the language used, it is error to set aside a verdict; and it can hardly be successfully contended that the jury would draw very fine sights upon the expressions "proof," "proved," "satisfactory evidence," "reasonably satisfied from the evidence," "believe from the weight of the evidence," and kindred expressions.

The distinctions between them and the exact legal effect or bearing of them, would not trouble the jurymen in their deliberations on the main and substantial facts of the case.

We claim, then, that the instruction is the law of the case; and, second, that if technically incorrect, it is not such an error as would justify a court in setting aside the verdict, and subjecting the defendant to the annoyance and expense of another trial. It is to the interest of the public that litigation shall end; but if courts will grant new trials upon such fine and almost invisible points as are raised in this case, the maxim had better be changed to the end that the profession may fatten upon the good things of their clients.

*Stillings, for defendant,* submitted:

1. The court below, after repeating and intensifying its instructions, closed by telling the jury that unless they were satisfied from the weight of the evidence, etc., they should find for the defendants. Satisfied means that the mind is left free from doubt. [1 *Hill*, 9.] Such is not the rule of law in a civil action in a case in which both parties have adduced evidence to the same point.

2. The court also instructed the jury as to the duty of the plaintiff to prove the amount in a way to leave the impression on their minds that the plaintiff must prove the exact amount of damages with as much certainty as if it had been an action on a promissory note, or that they must find for the defendants. Such is not the law. If any damages were proved and the case otherwise made, they must find for the plaintiff, if for only nominal damages.

3. The court will not disturb the action of the court below in granting a new trial, unless it was clearly erroneous. *Anthony v. Eddy & Arnold, decided at last term.*

4. A new trial will be granted where the issue is not fairly submitted to the jury, even though the propositions

of law given by the court should be correct as abstract propositions.  5 *O. S.*, 450.

*By the Court,* VALENTINE, J.

The only error assigned in this case, is that the court below erred in granting a new trial.  The new trial was granted upon the ground that the court below erred in its instructions to the jury.  The instructions to the jury were not erroneous, except, perhaps, in this: that in those portions of the charge which were most favorable to the plaintiff in error, the court, by going into detail and by repetitions, made the charge seem altogether too favorable to the plaintiff in error.  And the court also used the word satisfied in its charge, in a way, which, if understood by the jury in its technical and restricted sense, would certainly mislead them.  The court charged that " the jury must *be reasonably* satisfied that by reason of the violation of the contract the plaintiffs have been damaged in so much money, before they can be justified in returning a verdict for any specified amount.  Unless the jury are satisfied from the weight of the evidence of the first point, to-wit: of the violation of the contract, they need not enquire further, but will return a verdict for the defendant."

To be *satisfied* of the truth of a fact or proposition in law, is to have every reasonable doubt of its truth removed from the mind.  [1 *Greenl. Ev.*, § 2; *Alby v. Repelye*, 1 *Hill's Rep.*, 9.]  In popular language, this word probably has a broader signification; but taking the whole charge together, the jury may have given it the more restricted signification, and thereby have been misled.  The court below has substantially found that the

jury were so misled, and we shall not disturb that finding, or the order made thereon, unless it clearly appears to us that the finding and order were erroneous.

In a civil action a party is not bound to prove his case by evidence that will satisfy the jury beyond a reasonable doubt. He is bound to prove his case by a preponderance of the evidence; and if he has done so, however slight that preponderance may be, he has sufficiently proved his case. He should satisfy the jury that he has a preponderance of the evidence, but he is not required to *satisfy* them of the truth of his allegations. The jury may have many doubts, and reasonable ones too, of the truth of the allegations; but if his evidence preponderates over that of his adversary, he is entitled to a verdict.

This court will exercise a supervisory control over the action of the district court in either granting or refusing a new trial, and reverse the order of the district, in either case, whenever that court misapplies or mistakes some settled principle of law, or manifestly abuses its discretion, to the prejudice of either party. [*Gen. Stat.*, 735, § 542.] But this court will require a much stronger and clearer showing of legal error, or abuse of judicial discretion, before it will interfere, when the new trial has been granted than where it has been refused, for the very obvious reason that where a new trial has been granted an opportunity is offered for another full and fair trial upon the merits of the case, but where it has been refused it operates as a final adjudication between the parties. *See* 7 *Iowa*, 3, 90; 10 *id.*, 396, 548; 11 *id.*, 84; 15 *id.*, 84; 22 *id.*, 541; 22 *Cal.*, 82; 29 *Cal.*, 615, 644, 673; 6 *Ind.*, 69; 8 *id.*, 252; 22 *id.*, 383; 14 *Wis.*, 356, 687.

The order of the court below, granting a new trial, is affirmed.

All the justices concurring.