Owen v. Owen.

---

## DEMETRIUS OWEN v. MARTHA E. OWEN.

<table>
<tr><td>9</td><td>91</td></tr>
<tr><td>42</td><td>249</td></tr>
<tr><td>9</td><td>91</td></tr>
<tr><td>82</td><td>405</td></tr>
</table>

1. REFEREE'S REPORT *may be set aside.* The district court has power to set aside the report of a referee to whom all the issues in a case of fact and law have been referred.

2. ———— The district court should not set aside the report of a referee as against the evidence, unless it appear that the great preponderance of the evidence is against it.

3. REVIEWING ORDER *setting aside Referee's Report.* To reverse an order setting aside a report requires a clearer showing of error than in a case of one confirming the report.

4. ———— When the order of the district court setting aside the report of a referee is brought to this court for review, such an order will be sustained unless it clearly appear to be erroneous. The presumptions are in favor of the ruling of the court, and not of the report of the referee.

*Error from Bourbon District Court.*

DEFENDANT in error brought her action for a divorce, for the custody of the children, and for alimony. She alleged that at their marriage her father had given her a claim upon 160 acres of land, and that with the proceeds of the sale of that claim, and their joint labor, they had acquired property to the amount of $22,000, which defendant held in his own name; that defendant had been guilty of cruel and inhuman treatment toward plaintiff, guilty of gross neglect of duty, and had committed adultery. Defendant answered, denying the cruel and inhuman treatment, and neglect of duty; and alleging that the adultery had been condoned, and was barred by the statute of limitations. He also alleged, by way of a cross-bill, that plaintiff was wantonly cruel and inhuman in her treatment of defendant. At the September Term 1870, on plaintiff's motion, the court allowed plaintiff $150 temporary alimony, and $50 to her attorneys; and at the March Term 1870 $200 more were allowed as temporary alimony. The case was referred to W. C. S., "with leave and power to the referee to allow all amendments in the same manner as a court could do, and to hear and determine all issues therein contained." The referee reported, setting forth in detail certain facts as established by the evidence, and as conclusions of law reported as follows:

"And as conclusions of law, I find, 1st, that the act of adultery proven to have been committed by the said defendant was condoned; 2d, that it was barred by the statute of limitations; 3d, that the facts as established by the evidence do not in law constitute extreme cruelty; 4th, that the plaintiff is not entitled to the relief prayed for in her petition; 5th, that the petition herein should be dismissed at plaintiff's costs."

Plaintiff moved to set aside the report of the referee, and for a new trial, which motion was sustained by the district court at the September Term 1871. Defendant excepted, and brings the case here by petition in error.

*J. D. McCleverty,* for plaintiff in error:

Did the district court err in overruling the motion of the defendant below to confirm the report of the referee, and in sustaining the plaintiff's motion to set aside the report?

The plaintiff (defendant in error) in her motion to set the report aside assigned several causes, one of which was, "that the report of the referee is not sustained by the evidence," and this is the ground upon which the motion was sustained. This makes it necessary for us to inquire, 1st, What power has the district court over the report of a referee, to whom all issues of law and of fact with the same powers as the district court has in the case, is referred? 2d, Can the district court set the report of a referee aside, when the only objection urged is that the report of the referee is contrary to the evidence? 3d, If the district court does, under the statute or by the rules of common law, or by both taken together, have the power to set aside a report of a referee because it is contrary to the evidence, what is the rule governing the court in its action in this respect?

In the court below it was contended by counsel for defendant in error, that the rule governing the district court, in setting aside the report of a referee, was the same as that governing such court in setting aside the verdict of a jury. We deny that this is the correct rule. We contend that the rule is true the same as the rule governing the supreme court, in reviewing judgments of the district court, when alleged to be contrary to evidence; and this rule is clearly and forcibly stated in *Anthony v. Eddy,* 5 Kas., 127: "The question before the district court in all such cases is, whether the verdict is clearly against the weight of the evidence; and if the verdict be set aside and the case brought to the supreme court, then the question for the supreme court to determine is whether a great preponderance of the evidence seems to sustain the verdict;" and the supreme court will not reverse that order, unless a great preponderance of the evidence appears to sustain the verdict."

Sec. 293 of the code provides that "the report of the referee

upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. When the referee is to report the facts, the report has the effect of a special verdict." With this section declaring the effect of a referee's report, this court is earnestly asked to adopt that rule for reviewing reports of referees in the district court that it adopts in reviewing a judgment of district courts. Any other rule would work the greatest injustice. It would permit the district court, composed only of a single judge, to do what this court, composed of three judges, would not do. No man who does not hear a witness testify can form any judgment affecting his credibility. The evidence of the perjured knave sounds just as good when only seen on paper as does that of the most truthful and upright citizen. Is it not clear that upon a conflict of evidence, and a very *great conflict,* too, (as this case shows,) the referee before whom this case was tried was the only man that had any *opportunity* of forming an intelligent judgment as to where credit was due? The parties and witnesses were before him. He had the best basis possible for forming a judgment upon the question of credibility; he formed it, reported it with clearness and certainty to the court, and the order of the court setting aside his report should be reversed and his report confirmed.

*McComas & McKeighan,* for defendant in error:

1. The question of confirming, or refusing to confirm the report of a referee, like granting, or refusing a new trial, is a question which addresses itself to the sound judicial discretion of the district court: 6 Texas, 36; 10 Vt., 520; 14 N. H., 441; 4 Gilm., 129.

The power of revision will only be exercised by the appellate court where there has been a gross abuse of this discretion: 3 Chand., 41; 5 Texas, 93; 1 Iowa, 235; 6 Miss., 53; 4 Blackf., 140.

The plaintiff in error contends that the district court has no power to review the report of the referee. Who then has?

He is an officer of the district court, and makes his report to that court. Sec. 295 of the code provides, "It shall be the duty of the referees to sign any true exceptions taken to any order or decision by them made in the case, and return the same, with their report, to the court making the reference." For what purpose, if the court making the reference is not in the first place to decide upon all these "exceptions?" See 5 Cal., 90; 19 Cal., 180; 31 id., 333; 10 Bows., 309; 9 Mo., 29.

2. The exceptions to the report are like objections to the verdict of a jury on a motion for a new trial. If any of these exceptions are well taken it was the duty of the court to sustain them and set aside the report. The plaintiff in error contends that the district court should be governed by a different rule in setting aside the report of a referee than the one that controls its action in respect to the verdict of jury; though § 293 of the code says, "When the *referee* is to report the facts, the report has the effect of a *special verdict*." And § 306 says, "A new trial is a re-examination, in the same court, of an issue of fact, after a verdict by the jury, *report of referee*, or the decision of the court." And one of the causes given for a new trial, is, "That *the verdict, report*, or decision is not sustained by sufficient evidence." But counsel for plaintiff in error insist that the same rule should apply to the district court, when it is considering the report of a referee, instead of the verdict of a jury, that applies to the supreme court. For the sake of the argument, granted. How does that help him? How does that change the rule by which this court is to be governed? *It has been decided by the district judge;* he has set aside the report, and this court will let his decision stand, unless there is "a great preponderance of evidence to sustain the (verdict) report." If this court takes the trouble to examine the evidence set forth in the bill of exceptions we are not afraid that this conclusion will be reached, nor even the conclusion that the evidence sustains the report.

The opinion of the court was delivered by

BREWER, J.: Defendant in error sued plaintiff in error for a divorce. By consent all the issues of fact and law were referred. The report of the referee was in favor of plaintiff in error. The district court refused to confirm this report, and on motion of defendant in error set it aside. Plaintiff in error seeks a reversal of this order, and a confirmation of the report.

Of the power of the court to make such an order there can be no doubt. The referee is an officer of the court, is appointed by and derives his authority from the court. He acts under its orders and is subject to its control. But we are not left to inference. The statute expressly provides for such action: Civil code § 306.

Did the district court err in setting aside this report? or rather, is it so manifest that the court erred, that we ought to reverse its ruling? The effect of setting aside the report is a new trial. The rights of neither party are concluded. Each has full opportunity to establish his claim or defense. As was said by Mr. Justice Valentine in giving the opinion of this court in the case of *Kinnear v. Field*, 5 Kas., 238, "But this court will require a much stronger and clearer showing of legal error, or abuse of judicial discretion, before it will interfere where the new trial has been granted than where it has been refused, for the very obvious reason that where a new trial has been granted an opportunity is offered for another full and fair trial upon the merits of the case; but where it has been refused it operates as a final adjudication between the parties." Six exceptions were filed to the report, among which was this, that "the report of the referee is not sustained by the evidence and is contrary to the evidence." This, counsel for plaintiff in error earnestly insists, is the only exception entitled to any consideration; and in regard to this, that the rule to guide the district court in acting upon the report of the referee is the same as that which controls this court in acting upon the verdict of a jury returned in the

district court. He claims that inasmuch as the judge of that court does not see the witnesses who appear before the referee, does not hear them testify, nor know in what manner their testimony is elicited, his judgment can be based only upon the record of that testimony. Hence the report of the referee should stand unless a great preponderance of the evidence is against it. He further claims that this court has the same opportunity as the district court of weighing correctly the evidence, and that therefore unless the great preponderance of the testimony seems to us against the report we should reverse the order of the district court setting aside the report, and direct its confirmation. These rules applied strictly would make the approval or disapproval of the report of the referee by the district court a mere matter of form, purely a work of supererogation. We do not so understand the effect of the action of the district court. We think the district court should not set aside the report of a referee as against the evidence unless it clearly appears to him that the referee has failed to give due consideration to some of the testimony, and that a strong preponderance of the testimony is against the report. He will presume that the referee has given due weight to all the evidence, and that his conclusions therefrom are correct. He will be slow to interfere with those conclusions. But if he is convinced of the error of that report, and orders it set aside, such judgment of the district judge should and will carry great weight with this court, for he is in a better position than we are to determine as to the correctness of the referee's conclusions. The parties to the suit he may know; the witnesses may have been before him in other trials, or he may have heard their testimony on motions in this case. He may understand peculiarities in the mind of the referee which would cause certain kinds of testimony to have undue weight with him. He may be cognizant of personal friendships or antipathies between the referee and the parties, or counsel. He will probably be aware of any differences between counsel in the manner of eliciting testimony, in their adroitness in presenting and withholding evidence. In short,

being nearer to the parties and the proceedings he is more apt to know whether the report of the referee expresses the absolute truth. And when he has acted upon the report we shall not ignore that action, and consider the report as though made originally to this court.

We have examined with great care the report of the referee, and the bill of exceptions in this case, and it seems to us the weight of the evidence is against the report of the referee. True, the preponderance is not so strong that we should set aside the report if made originally to us. But inasmuch as the district court has set it aside, and such action leaves each party full opportunity to establish his claim or defense, we shall presume in favor of the correctness of such ruling and affirm the order.

All the Justices concurring.