THE CITY OF OTTAWA v. ANN WASHABAUGH.

1. APPEALABLE ORDER; *Order Granting New Trial.* A petition in error will lie in the supreme court, to reverse an erroneous order of the district court which grants a new trial, although the action may still be pending undisposed of in the district court.

2. NEW TRIAL; *Reviewing Order.* Generally, where a new trial has been granted, the supreme court will require a much stronger case before it will interfere and reverse than where a new trial has been refused.

3. —————— *Practice in Supreme Court.* Where a demurrer to the evidence of the plaintiff (under section 275 of the code, as amended by ch. 162, laws of 1872,) has been sustained, and afterward a new trial has been granted; and where the petition of the plaintiff if liberally construed states a cause of action, and the evidence if liberally construed tends to prove (although very remotely) a cause of action, the order of the district court granting the new trial will not be reversed.

*Error from Franklin District Court.*

ACTION by Mrs. *Washabaugh* to recover damages for an injury sustained by means of a defect in the sidewalk on Oak

street in the city of Ottawa. Plaintiff claimed that it was the duty of defendant to construct and maintain a good and sufficient sidewalk at the place designated, but negligently suffered said walk to become and remain in an unsafe condition, etc. The action was tried at the August Term 1872 of the district court. Judgment for the defendant. The court set such judgment aside, and granted a new trial, and from this last order the city appeals, and brings the case here for review. The proceedings are fully stated in the opinion.

*C. R. Meigs*, for plaintiff in error:

1. The petition does not state facts sufficient to sustain an action against the city, as it is not therein alleged that the city built the sidewalk which was the cause of the injury, nor that the city had notice of the alleged defects in said walk, while it does show that said defect was one not discoverable to passers-by, namely a board not nailed down. The city in the matter of sidewalks could only act by ordinance. (Laws 1872, p. 200, § 32; Laws 1871, p. 148, § 16; Gen. Stat., p. 160, § 30.) There is no allegation in the petition of an ordinance ordering this walk, but on the contrary there is an allegation that it was built without any order, and not as required by ordinance No. 32. Then we say in the language adopted by this court in the case of *The City of Atchison v. King*, 9 Kas., 557, "Unless the city through its officers or agents constructed the sidewalk with the defect therein that was the cause of the accident, or caused such defective place to be afterward made or placed there," the city is not liable; and certainly if these things should be proved they should be alleged in the petition.

2. In an action against a city for injuries resulting from the defective condition of a sidewalk the plaintiff must show that the city authorities had actual notice of the defect, or that it was of such a nature, and had existed for so long a time, that knowledge on their part must be presumed; and to warrant such presumption the defect must be so open and palpable as to be apparent, and necessarily attract the attention of passers-

by. 15 Mich., 313; 1 Disney, 532; 24 Wis., 549; 45 N. Y., 136; Dillon Munic. Corp., 753, § 789. This is in cases where the walk has been properly built and the defect occurs afterward. The walk in this case was not built by the city.

*John W. Deford*, for defendant in error:

1. This case is prematurely brought here, and the petition in error should be dismissed. Sec. 542 of the code empowers this court to review an order granting a new trial. But the statute does not prescribe *at what time* the party excepting to such an order may be permitted to seek his redress by petition in error; nor has that time ever been fixed by any decision of this court. The action is still pending in the court below, and plaintiff in error must wait until final judgment before he can complain of the order granting a new trial.

2. The district court erred in sustaining the demurrer to the evidence, and therefore, did *not* err in awarding a new trial. Said court had no power to give judgment at all upon the demurrer to the evidence: Gould's Pl., part 2, ch. 9, §§ 48 to 68; 22 Pick., 135. A new trial was properly granted. The plaintiff had made out a complete cause of action, at least *prima facie*, and the court had erroneously taken it from the jury.

The opinion of the court was delivered by

VALENTINE, J.: It is our opinion that a petition in error will lie in the supreme court, to reverse an erroneous order of the district court which grants a new trial, although the action may still be pending undisposed of in the district court; (Civil code, § 542;) but we do not think that any such erroneous order has been made in this case. The new trial was granted in favor of the plaintiff below, (defendant in error,) and it is claimed by plaintiff in error that the order granting the same was erroneous, first, because the petition below did not state facts sufficient to constitute a cause of action, and second, because the evidence introduced on the trial by the plaintiff below did not prove any cause of action.

Now it may be true, that if the petition below were examined and construed in a critical and unfriendly spirit no cause of action would be found to be stated therein; and it may also be true, that if the evidence were examined and construed in the same spirit no cause of action would be found to have been proved on the trial; but this is not the manner in which the petition and the evidence should be examined and construed in determining the question of granting or refusing a new trial in a case like this; certainly not in the supreme court for the purpose of reversing an order of the district court granting a new trial. The merits of this case had not been determined by a jury, but had been determined by the court only on a demurrer to the evidence. A jury had been impanneled, but when the plaintiff closed her evidence the defendant interposed a demurrer thereto (under § 275 of the code as amended by the laws of 1872, page 329,) and the court sustained the demurrer and took the case from the jury. Afterward the court granted the plaintiff a new trial, and this is the only ruling of the court of which the plaintiff in error now complains. Did the court err? We think not. Or if so, it was not such an error as will require a reversal of the order granting the new trial. Generally, where a new trial has been granted the supreme court will require a much stronger case before it will interfere and reverse than where a new trial has been refused. (*Field v. Kinnear*, 5 Kas., 233.) The petition below if liberally construed we think states a cause of action; and the evidence if liberally construed we think tends to prove (very remotely and indirectly however,) a cause of action; and this is sufficient to sustain the order complained of. The order of the court below is affirmed.

All the Justices concurring.