## John Atyeo v. C. E. Kelsey.

New Trial; *Conflicting Testimony; Judicial Discretion.* Where a cause has been tried before a jury upon contradictory and conflicting evidence, and the court below, upon a motion for a new trial on the ground that the verdict of the jury is not sustained by sufficient evidence, sets aside the verdict and grants a new trial, the supreme court will not reverse such order granting the new trial, unless the preponderance of the evidence sustaining the verdict is so great as to show an abuse of judicial discretion on the part of the court below making such order.

### *Error from Lyon District Court.*

Atyeo brought suit on a promissory note against T. J. Hankla and P. P. Peter as makers, and L. H. Robinson and *C. E. Kelsey* as indorsers. *Kelsey* alone answered, and his defense was, that, being himself the owner and holder of said note, and being about to commence proceedings thereon against said Hankla and Peter, the makers, to enforce payment thereof, the plaintiff *Atyeo*, as a friend of Hankla and Peter,

and to avert a suit against them, applied to him (*Kelsey*) to transfer said note to plaintiff, and paid defendant the amount due on said note; that at plaintiff's request defendant then assigned said note to plaintiff by indorsement, in order to vest in plaintiff the title thereto, and the benefit of a mortgage previously given by said Hankla and Peter to secure the note, and that it was at the time understood and agreed, by both plaintiff and defendant, such assignment and indorsement to plaintiff did not and should not create any liability on the part of defendant, as indorser or otherwise. Plaintiff's reply was a general denial. On this issue the action was tried at the March Term 1873 of the district court. Verdict for plaintiff for the amount claimed. *Kelsey* moved for a new trial, which was granted, and from such order granting a new trial, *Atyeo* appeals, and brings the case here on error.

*O. Miller,* for plaintiff in error:

The court erred in granting the defendant a new trial. By the issues formed by the defendant's answer, the burden of proof was on the defendant, to show by a preponderance of credible testimony that the statements therein were true. Kelsey says in his evidence that the plaintiff paid the money to liquidate the note, for the makers, Hankla & Peter. The plaintiff denies the statement; and plaintiff's denial is strongly corroborated by the testimony of the witness Dougherty. Nor does the testimony of Heritage sustain Kelsey's defense. The jury passed upon the credibility of the witnesses, and upon the weight of the testimony, and it was error to set their verdict aside.

*Almerin Gillett,* for defendant in error:

1. Where a new trial has been granted, the supreme court will require a much stronger case before it will interfere and reverse, than where a new trial has been refused. *Field v. Kinnear,* 5 Kas., 238, where numerous authorities are collected; *Owen v. Owen,* 9 Kas., 96; *City of Ottawa v. Washabaugh,* 11 Kas., 124.

Before an order granting a new trial will be reversed, it must affirmatively appear that *none* of the grounds of the motion are sufficient. 3 Kas., 39; 7 Kas., 209.

2. The district court instructed the jury in substance, that, "on the pleadings, without any testimony, the plaintiff below was entitled to a judgment against defendant Kelsey;" and that "The burden of proof is on the defendant Kelsey." Both of these instructions are as we believe erroneous, for the reason that plaintiff's petition does not state facts sufficient to constitute a cause of action. The petition being upon a note indorsed after maturity, to-wit, December 26th 1872, and demand and protest not being made until January 13th 1873, nineteen days afterward, we think the demand and notice were not in a reasonable time. The petition states no facts excusing the delay. And while there is some uncertainty in the decisions as to whether what is a reasonable time is a question of law for the court or a question of fact for the jury, yet we think the second instruction erroneous in either view of the case. If it were a question of fact for the jury, the court by its instruction forestalled any inquiry by the jury in that matter. If it were a question of law for the court, then we say that nineteen days is not within a reasonable time as a matter of law. Seven days have been held too late; and it was said that the demand and notice should have been in one or two days at farthest: *Nash v. Harrington,* 2 Aikens, (Vt.) 9; *Aldis v. Johnson,* 1 Vt., 136, 140. Two weeks held too late: 24 Cal., 329. Thirty days entirely too late: *Dumont v. Pope,* 7 Blackf., 368. Must be in a reasonable time: 29 Iowa, 188; 7 Porter, (Ala.) 184; 1 Parsons' Notes and Bills, 381, 382, and notes.

The bad pleading might possibly have been cured by the evidence had any curative evidence been given; but there was none given. The whole evidence shows (and that without any contradicting,) that the note was indorsed by Kelsey after maturity, on December 26th 1872, and that payment was demanded and the note protested for nonpayment on January 13th 1873; so that it does not change the allegation of the

petition as to the time that elapsed after the indorsement until the protest. And there is no particle of evidence showing or tending to show any excuse for the delay. And the parties all resided during all the time and were doing business in the city of Emporia and within a stone's throw of one another. The court will also see from the evidence that defendant Kelsey was at the time of the said indorsement, on Dec. 26th 1872, proposing (in the language of plaintiff Atyeo, in his testimony,) "to shave the note," and he was crowding it for collection at that time; and there is no contradiction as to this point. The court will also see from the evidence, and there is no contradiction in it, that said note was secured by a chattel mortgage on property in the possession of Hankla and Peter in the Robinson House, which house and nearly or quite all the mortgaged property were destroyed by fire on the 3d of January 1873, by which delay (from December 26 1872 until January 3d 1873,) Kelsey lost all his security, if the plaintiff's theory is correct. The evidence does not therefore in anywise help out the bad pleading—does not in anywise tend to excuse the delay in making the demand and protest—but positively, and without contradiction, shows that that delay resulted in a loss of all or nearly all the property mortgaged to secure said note. When his mortgage security is gone, Atyeo seeks to save himself by resorting to Kelsey's indorsement. If he had expected to rely upon such indorsement, and had used due diligence in making demand and giving notice, Kelsey could have protected himself before the mortgaged property was destroyed. The court having erred in its instructions, properly granted a new trial.

The opinion of the court was delivered by

VALENTINE, J.: The only ground assigned for error in this case is that the court below erred in granting a new trial. The motion for a new trial was founded upon the following grounds, to-wit:

"1st, Error in the assessment of the amount of recovery, in that it is too large.

"2d, That the verdict is not sustained by sufficient evidence, and is contrary to law.

"3d, Error of law occurring at the trial and excepted to at the time by said defendant."

Upon which of these grounds the new trial was granted, is not shown by the record. Hence, before we could reverse the order of the court below granting the new trial it would have to appear affirmatively to us that the new trial could not have been properly granted upon either of said grounds. This does not so appear. The question is discussed in the brief of counsel for plaintiff in error as though the new trial was granted solely upon the ground that the verdict was not sustained by sufficient evidence. Now the record does not show that the new trial was granted upon this ground alone; but for the purposes of this case we will suppose that it was, and still we do not think that we can reverse the ruling of the court below. The evidence was conflicting and contradictory, and while we think the preponderance of the evidence sustains the verdict, still we cannot reverse the ruling of the court below for that reason. (*Anthony v. Eddy*, 5 Kas., 127; *Field v. Kinnear*, 5 Kas., 233, 238; *Owen v. Owen*, 9 Kas., 91, 96.) For the preponderance is not great. Before we would reverse in such a case the preponderance of the evidence would have to be so overwhelmingly great that it would show an abuse of judicial discretion on the part of the court below in setting aside the verdict and granting a new trial. Where a new trial has been granted both parties have another opportunity of having a fair and impartial trial upon the merits of the action. But where a new trial has been refused, the matter is ended unless a reversal can be had. Hence new trials should be favored instead of being disfavored, wherever any question can arise as to the correctness of the verdict. As a rule, no verdict should be allowed to stand unless both the jury and the court trying the cause can say that they believe that the verdict is correct. While the question is before the jury they are the sole and exclusive judges of all questions of fact; but when the matter comes before the court upon a motion

for a new trial, it then becomes the duty of the court to determine for itself whether the verdict is sustained by sufficient evidence or not. (Gen. Stat., 687, § 306, sub. 6.) And the decision of the trial court in such a case has almost controlling force with the appellate court. The appellate court will in such cases reverse only where the trial court has clearly abused its discretion.

The order of the court below granting the new trial must be affirmed.

All the Justices concurring.