## E. W. BEDELL v. BURLINGTON NATIONAL BANK.

1. NEW TRIAL; *Rule, When Granted.* When a new trial has been granted by the district court, the supreme court will require a stronger case for interference than when one has been refused.

2. ———— Where the district court grants a new trial on the ground that the jury may have been misled by one of the instructions given, and it appears reasonably probable that they were so misled, this court will not reverse the order granting a new trial.

3. COMMERCIAL PAPER; *Bankers and Others; Purchasers before Maturity.* While a party engaged in dealing in commercial paper may be more familiar with the habits of business men in the making and discounting of such paper, and therefore more chargeable with notice of anything unusual in the form of the paper, or the conduct of the holder, yet beyond that he is under no greater obligation than any other purchaser of such paper to inquire into and ascertain the true nature of the transaction between the maker and the payee.

*Error from Labette District Court.*

ACTION by the *Burlington National Bank,* as plaintiff, against *Bedell* as defendant, upon the following promissory note:

$170.00.          CHETOPA, KANSAS, Sept. 18th, 1872.

Three months after date, I promise to pay to the order of O. D. Bond, General Agent Great Western Telegraph Company, at the First National Bank of Chetopa, Kansas, one hundred seventy dollars, with ———— per cent. interest per annum from ———— until paid, value received; and in case suit is instituted on this note a reasonable attorney-fee for collection. The drawer and indorsers of this note severally waive demand of payment, notice of protest, and of nonpayment.          E. W. BEDELL.

Defense, fraud and failure of consideration. Trial at the May Term 1874. Verdict for defendant. On plaintiff's motion the verdict was set aside, and a new trial granted. The defendant appeals. The facts and proceedings are stated in the opinion.

*Ayres & Fox*, for plaintiff in error.

*Nelson Case*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This is a proceeding in error to review the action of the district court in granting a new trial. In such a case it is settled, that the "supreme court will require a stronger case for interference than when one has been refused." *Field v. Kinnear*, 5 Kas. 233. The reasons for this are fully given in the opinion in that case, and need not be repeated. It seems to us that they are controlling in this case, and compel an affirmance. The facts are these: The bank was a purchaser before due of a negotiable promissory note executed by Bedell. The claim was, that the note was obtained from Bedell by fraud and without consideration, and that the bank had knowledge of this, or notice sufficient to put it upon inquiry. The verdict of the jury was in favor of Bedell. The new trial was granted for the reason, as stated by the court, that it appeared to it that the jury might have been misled by one of the instructions. That instruction was as follows:

"And the plaintiff being a banking institution, and accustomed to buy and sell and deal in commercial paper, was bound to greater diligence as to what defenses there might be against the note between the original parties, than ordinary persons."

The note was given by Bedell in part payment of a subscription to the capital stock of the Great Western Telegraph Co., was obtained from him upon representations that the company was at work on the line between Humboldt and Chetopa, and would have the line completed to Chetopa,

where Bedell resided, and in working order before the maturity of the note.    The note was an ordinary negotiable note, payable to the order of O. D. Bond, General Agent Gt. W. Tel. Co., by him indorsed to McDonald, Whitcomb & Balt, the contractors for building the line of telegraph, and discounted for them by the bank.    It appears that other parties at Chetopa besides Bedell were induced to take stock and give their notes therefor, as were also parties at Burlington, including the plaintiff, the Burlington National Bank.    The notes of the latter were still outstanding, and not yet due, when it discounted the note in controversy.    Before discounting it, the bank took the precaution to ascertain the responsibility of Bedell.    While it must be conceded that the testimony points to a gross imposition practiced upon Bedell, yet it seems that others, including the bank, were equally victimized.    Upon the other and equally essential matter, knowledge of or notice to the bank, we are constrained to say that the testimony is very deficient.    We can well imagine that the district court, impressed with this deficiency, scrutinized carefully the instructions it had given to see if some one had not unduly influenced the jury to its apparently unwarranted conclusion.    Unwilling perhaps to say that there was absolutely no testimony inculpating the bank, it nevertheless felt that the verdict was wrong, and charitably assumed the responsibility for the error which was properly imputable to the jury.    Regarding the instruction itself, it may be true that a party engaged in dealing in commercial paper may be more familiar with the habits of business men in the making and discounting of such paper, and therefore more chargeable with notice of anything unusual in the form of the paper, or the conduct of the holder, but beyond that we do not understand that he is under any greater obligations than any other purchaser of such paper to inquire into and ascertain the true nature of the transaction between the maker and the payee.    He is at equal liberty with all other persons, if the paper be in proper form, and the conduct of the holder without suspicion, to purchase

in full reliance upon the protection which the law casts around such paper. This instruction particularly, as applicable to the facts in this case, seems to cast an unwarranted restriction upon the free circulation of commercial paper, and doubtless improperly influenced the jury in its verdict. We see no error in the order granting a new trial.

Counsel for defendant in error has attached to the transcript a cross-petition, alleging error in taxing the costs of the term to the bank as a condition of the new trial. Whether there were error in this ruling or not, we do not think the question can be raised before us in this manner. A party alleging error in the proceedings in the district court must bring his separate action to have those errors examined, and cannot bring those errors up for review by simply attaching a cross-petition in error to the plaintiff's record.

The judgment will be affirmed.

All the Justices concurring.