## GEORGE & BROS. v. MYERS & GREEN.

VERDICTS AND JUDGMENTS; *When Sustained; Weight of Testimony, Not a Subject for Review by Appellate Courts.* Where the findings and verdict of a jury have been rendered upon oral and written testimony, and the evidence taken orally is conflicting, but there is clear, positive and unequivocal testimony sustaining the findings and verdict, and the district court has approved the same by refusing to set them aside and grant a new trial, the supreme court will not reverse the judgment of the district court and order a new trial, where the only ground therefor is, that the findings and the verdict are against the evidence.

*Error from Ellsworth District Court.*

ACTION by *John J. Myers,* and *Wm. Green,* as partners, against *George & Bros.* Trial at the May Term 1874. Verdict for plaintiffs, and judgment on the verdict for $9,758, and costs. The defendants bring the case here on error.

*L. C. Slavens,* for plaintiffs in error.

*A. H. Case,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This suit was brought for a balance of $8,509, and interest, claimed to be due for 1629 head of cattle sold and delivered to plaintiff in error by the defendants in error, in 1871. The defense was a general denial of the allegations contained in the petition. The counsel for plaintiff in error now insists in argument, that upon trial there was no evidence of a completed and perfected sale, nor any testimony of a delivery of cattle. In fact however, the errors complained of are, that the verdict, and findings of fact by the jury, are against the evidence. We say that this is *the result* of the objections, because there is clear, positive, and unequivocal testimony supporting the verdict and each finding. Not only this, but the plaintiffs in the court below introduced evidence showing, after the claimed delivery of the cattle to Messrs. George & Bros., that M. B. George, one of

the firm, in payment of the cattle accepted the following order:

KANSAS CITY, MO., DECEMBER 11th, 1871.

MESSRS. M. B. GEORGE & BROS.: You will pay to G. W. A. Latham, or order, the whole amount due us for cattle delivered about the 10th of November 1871, and charge the same to account.			MYERS & GREEN.

The amount due from George, $10,509.

On the back of this order is the following indorsement: "*Accepted.*— M. B. George & Bro.— December 11th 1871." And plaintiff also introduced evidence, that in the spring of 1872, the George Brothers having failed to pay the order, the same was returned to Messrs. Myers & Green by said Latham, and that about April 1st 1872, J. J. Myers, of said firm of Myers & Green, sent an order to said George & Bros. at Sequin, Texas, for them to send him all the money that they could spare in payment of the money due on the cattle, and on this order the said George & Bros. sent two thousand dollars, and this was indorsed on the said order given to Latham as follows: "*April 6th 1872, received on the within, two thousand dollars in currency.*—MYERS & GREEN." Evidence was also introduced by Messrs. Myers & Green, that on said 11th of December 1871, said M. B. George admitted, in the presence of said Latham, to William Green, of Myers & Green, that over ten thousand dollars were due to M. & G. from George & Bros. for the said cattle, and that the case was continued in the court below over the October term 1873, by consent of Myers & Green, on the promise of said M. B. George that at the next term of the court he would confess judgment in the case for the amount of the claim. A considerable portion of the brief of the plaintiffs in error is filled with a discussion of the question, that there was no completed sale, because the cattle were not identified at the time of the purported sale, and that then the defendants in error did not have in their possession the cattle claimed to be sold. But all of this argument is useless, in view of the evidence of the delivery and acceptance of the cattle. If the defendants in error had not a hoof of the cattle at the date

of the contract, still, if there was afterward a delivery and acceptance of the cattle sued for, as testified to, the defendants in error were entitled to recover.

Some point is made by counsel, that as Messrs. Ferguson, Slavens & Co., of Kansas City, had made an agreement with Myers & Green to pack on commission these cattle, and had advanced thereon over ten dollars a head, and in all $18,000, and as the cattle were shipped from Ellsworth, Kansas, to said F., S. & Co., the said George & Bros. neither saw, nor received them. All of this is explained by the testimony produced by Myers & Green. It was shown that George & Bros. were in the fall of 1871 having business transactions also with Messrs. F. S. & Co., and that George Bros. agreed to pay and satisfy said advances of Messrs. F. S. & Co., and the balance of the money was to be paid to Myers & Green; and that at the direction of M. B. George the cattle were delivered on the cars at Ellsworth, and shipped to Kansas City to Messrs. F. S. & Co. Much of the evidence on the trial was conflicting, but this court has time and again held that it will not reverse a case of this kind. " The case comes clearly within the rule so often declared by this court, that where there is clear and positive testimony sustaining every essential fact, and the verdict has received the approval of the trial court, this court will not interfere. In other words, in cases brought here on error from a trial upon oral testimony, this court is not a trier of questions of fact." *K. P. Rly. Co. v. Kunkel*, 17 Kas. 145, 168, and the numerous authorities there cited. The explanation of Messrs. George & Bros. as to the acceptance of the order of December 11th 1871, payable to said Latham, and the payment of the $2,000 in April 1872, is not satisfactory in support of the theory that there was no delivery of the cattle; and we cannot say upon the evidence that the preponderance was in favor of the plaintiffs in error.

The judgment of the court below will be affirmed.

All the Justices concurring.