### CITY OF FORT SCOTT v. WILLIAM BROTHERS.

CITIES; SIDEWALKS; *Liability of City for Personal Injury.* An incorporated city, which negligently leaves one of its sidewalks out of repair, by reason whereof a person, without fault or negligence on his part, is injured, is liable to such party in damages for the injury so sustained.

*Error from Bourbon District Court.*

BROTHERS brought suit against the city to recover $2,000 damages alleged to have been sustained by reason of personal injuries caused by his stepping into a hole in the sidewalk on Scott avenue, in said city, on the night of 30th December 1876, which caused him to fall, whereby his legs and ankles were injured. Trial at June Term 1877. It was shown that the defects in the sidewalk, where plaintiff was injured, had existed for some thirty days, or more, next preceding the

date of such injury. Verdict and judgment for plaintiff, for $243.75. The *City of Fort Scott* brings the case here on error.

*Eugene F. Ware,* for plaintiff in error.

*C. O. French,* for defendant in error.

*By the Court,* HORTON, C. J.: The judgment in this case must be affirmed, under the following authorities, viz., *City of Topeka v. Tuttle,* 5 Kas. 311, *City of Atchison v. King,* 9 Kas. 550, *Jansen v. City of Atchison,* 16 Kas. 358, *City of Ottawa v. Washabaugh,* 11 Kas. 124, and *City of Wyandotte v. White,* 13 Kas. 191, that an incorporated city is liable not only for injuries occasioned by negligently constructing defective sidewalks on its streets, or by causing defects therein after they are made, but also for negligently permitting such defects to continue; and under the authority of the cases of *K. P. Rly. Co. v. Kunkel,* 17 Kas. 145, and *George v. Myers & Green,* 18 Kas. 430, and numerous other cases, that, where there is clear and positive testimony sustaining every essential fact, and the verdict has received the approval of the trial court, this court will not disturb such verdict as being against the evidence. Judgment affirmed.

All the Justices concurring.