THOMAS CONDELL v. THE BURLINGAME SAVINGS BANK.

ACTION brought by the *Burlingame Savings Bank* against *T. E.* and *Thomas Condell*, to recover the sum of $3,221.35 on an overdrawn account kept with said bank, and in the name of T. E. Condell. The petition alleged that *Thomas Condell* and T. E. Condell were partners doing business under the firm-name of T. E. Condell; and that the money sued for was lent and advanced to the partnership by the plaintiff, at the special instance and request of the said partnership. The defendant, T. E. Condell, in said action, made default. *Thomas Condell* answered, putting in issue all the allegations in plaintiff's petition. The case was tried by a jury at the March Term, 1879, of the district court of Lyon county, and the jury returned a general verdict and special findings of fact in the case, both being in favor of the defendant *Thomas Condell*. The *Bank*, plaintiff, filed a motion for a new trial, which was granted July 11, 1879. *Condell* brings the case to this court.

*Sterry & Sedgwick*, for plaintiff in error.

*Wm. Thomson*, for defendant in error.

*Per Curiam:* This proceeding in error seeks to reverse an order granting a new trial. The action was on an overdrawn account. The account stood in the name of T. E. Condell. The claim was that T. E. & Thomas Condell were partners under the name of T. E. Condell, and that the bank account was a partnership affair. That they were partners at one time, is clearly shown; that they were at the time of the overdraft, is doubtful; and that the account was a partnership one, still more doubtful. If the motion had been overruled, we should with little hesitation have sustained the ruling. As it is, with much doubt we uphold the decision. It is not certain that all the instructions are preserved, though probably they are. While there is a direct statement that all the evidence

is in the record, there is none that all the instructions given are preserved, or that other instructions were not asked and refused. The certificate of the judge to the case-made, however, states that it shows "all the proceedings had thus far upon the trial of said cause, and that it contains a full, true, complete and correct record of the proceedings had in said cause." There appears no misconduct on the part of the juror, though perhaps some bias. · The alleged misconduct of the plaintiff in error, if open to consideration, is far from evident. The testimony tends strongly in his favor, and the instructions, as they appear in the record, are not challenged. The newly-discovered testimony is largely cumulative, though squarely against some of the testimony of plaintiff in error. Still, as no rights have been finally adjudicated, we do not feel warranted in disturbing the decision of the trial judge to the effect that the verdict was a wrong upon the defendant in error. See *Field v. Kinnear*, 5 Kas. 233; *City of Ottawa v. Washabaugh*, 11 Kas. 124; *Ryan v. Topeka Bridge Co.*, 7 Kas. 207; *Bedell v. Burlington Nat. Bank*, 16 Kas. 130.

The order granting a new trial will be affirmed.