JOSEPH BROWN, *as Adm'r, &c.,* v. THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY.

THE district court of Lyon county, at the March Term, 1882, granted the defendant *Railroad Company* a new trial, which order the plaintiff *Brown,* as administrator of the estate of William Haas, deceased, brings here for reversal. The facts appear in *A. T. & S. F. Rld. Co. v. Brown, Adm'r,* 26 Kas. 443, *et seq.,* and in the opinion, *infra.*

*Scott & Lynn,* and *Wolfred N. Lowe,* for plaintiff in error.

*Geo. R. Peck, C. N. Sterry,* and *A. A. Hurd,* for defendant in error.

*Per Curiam:* This was an action brought by Joseph Brown, as administrator of the estate of William Haas, deceased, against the Atchison, Topeka & Santa Fé railroad company, to recover damages alleged to have resulted from the negligence

of the defendant in wrongfully causing the death of said Haas. A trial was had at the March term, 1882, of the district court of Lyon county, before the court and a jury, which resulted in a verdict in favor of the plaintiff and against the defendant, for the sum of $7,000 damages. Special findings were also made by the jury. The defendant immediately filed a motion to set aside the verdict and findings, and for a new trial, setting forth in its motion eighteen grounds for the order prayed for. The district court sustained the motion, upon the following of such grounds, to wit:

"4. Irregularity on the part of the jury in arriving at their verdict, by which the defendant was prevented from obtaining a fair and impartial verdict in said cause."

"8. Misconduct of the jury."

"11. Excessive damages, appearing to have been given under the influence of passion.

"12. Excessive damages, appearing to have been given under the influence of prejudice.

"13. Error in the assessment of the amount of recovery awarded in this case, in that in any view of the case, under the answers returned to the special findings of fact, the amount of plaintiff's recovery ought not to have exceeded the amount of $4,300, if the jury had the right under the evidence and findings to have awarded any amount."

"16. That the verdict is not sustained by sufficient evidence, and is contrary to law."

"18. Errors of law occurring at the trial, and duly excepted to at the time by the defendant."

Within the eighteenth ground for the new trial are included a large number of alleged errors, as follows: First, the permission by the court to the plaintiff to read in evidence the deposition of Robert Hitchcock; second, the refusal by the court to permit the defendant to cross-examine the witness C. C. Ferrin touching his qualifications to testify as a railroad expert before giving his opinion in relation to the proper and usual manner of loading long timbers upon flat cars, and in refusing to withdraw the testimony of this witness from the jury when requested so to do by the defendant after the cross-examination had developed the fact that

the witness was not qualified as an expert to give an opinion upon this subject; third, the giving by the court to the jury of four certain instructions, to wit, the 3d, 5th, 6th and 8th; fourth, the refusal by the court to give to the jury nine certain instructions asked by the defendant, to wit, the 1st, 4th, 6th, 8th, 12th, 15th, 18th, 29th, and 31st.

The plaintiff, without accepting the new trial granted on the motion of the defendant, has brought the case to this court, and asks for a reversal of the order of the district court granting the new trial. The plaintiff insists vehemently that the order of the court below granting the new trial should be reversed because thirty-six jurors have found verdicts in favor of the plaintiff and against the defendant, and because "there have been three concurring verdicts for the plaintiff" in this case. A concurrence of three separate juries should undoubtedly, upon all mere questions of fact, have great weight; and where three separate juries have agreed upon any particular fact, a court should hesitate long before deciding that all these juries have erred with respect to such particular fact. But we hardly think that such a question as this enters into this case; for, first, three separate juries have not concurred in all the questions of fact upon which the court below set aside the verdict and granted the new trial. The first jury decided that the plaintiff's damages were only $500, while the last jury decided that his damages were $7,000; and the court below set aside the verdict and granted the new trial, among other things, upon the ground that the verdict was excessive. Second, the verdict of the jury was also set aside and the new trial granted upon the ground of misconduct of the jury; and third, the court set aside the verdict and granted the new trial upon the ground of *various errors of law* occurring at the trial, and duly excepted to by the defendant.

Now we think it will not be claimed that the first two of these three juries concurred in the misconduct of the last; nor will it be claimed that the first two juries concurred with the last in the errors of law committed by the court during

the trial; and hence it cannot at all be claimed that there was a concurrence of three separate juries concerning the matters for which the new trial was granted. But suppose that it could be so claimed, still, notwithstanding such supposed concurrence, the setting aside of the verdict and the granting of the new trial might nevertheless be perfectly right; for under our statutes a verdict may be set aside and a new trial granted as often and as many times as there are any sufficient grounds therefor. We think the new trial in this case was properly granted, and that the plaintiff should rely upon procuring another verdict before another jury if he is entitled to any verdict in his favor, and that he should obtain such verdict without any misconduct on the part of any person, and without any substantial irregularity, and without any substantial error on the part of either the court or the jury.

We do not think it is necessary to discuss any of the questions involved in this case, in detail. Some of them have already been discussed by this court, when the case was formerly here, (*Atchison, Topeka & Santa Fé Railroad Company v. Brown,* 26 Kas. 443;) and we shall further discuss them when a final judgment is rendered in the case, and when the case is again brought to this court, if it ever shall be.

Upon the question of reviewing orders of the district court granting new trials, we would refer to the following decisions: *Field v. Kinnear,* 5 Kas. 233, 238, and cases there cited; *Ryan v. Topeka Bridge Co.,* 7 Kas. 207; *Owen v. Owen,* 9 Kas. 91; *City of Ottawa v. Washabaugh,* 11 Kas. 124; *Atyeo v. Kelsey,* 13 Kas. 212, 216; *McCrum v. Corby,* 15 Kas. 112; *Bedell v. National Bank,* 16 Kas. 130; *Barrett v. Barnes,* 17 Kas. 266; *Condell v. Savings Bank,* 23 Kas. 596; *Eagle Chair Co. v. Kelsey* id. 632; *Howell v. Pugh,* 25 Kas. 97; *Hunt v. Haines,* id. 210.

The order of the court below, setting aside the verdict of the jury, and granting a new trial, will be affirmed. .