## G. W. BLACK v. JOHN BERRY.

NEW TRIAL, *Order Granting, not Disturbed.* The findings of a jury were not definite, and were inferentially contradictory; they were based upon conflicting evidence; a motion for judgment on the findings was overruled by the court setting aside all the findings and granting a new trial, the reason assigned being that justice would be promoted by such order. Such order will not be disturbed in this court.

*Error from Neosho District Court.*

THE case is sufficiently stated in the opinion.

*Cox & Stratton,* and *J. L. Denison,* for plaintiff in error.
*Hutchings & Keplinger,* for defendant in error.

Opinion by HOLT, C.: In April, 1885, John Berry owned a brick yard in Erie, Neosho county; S. A. Parker was a contractor, and entered into an agreement to erect a building for G. W. Black on lot number 9, block 3, in the city of Erie. Parker not being able to procure brick as he desired, bought the brick yard of Berry; used most of the brick there in erecting three or four brick buildings, including the one of Black's that he had under contract, and also sold brick from the yard to those who desired to purchase. Parker proved to be insolvent, and not having paid in full for his brick yard, Berry filed a mechanics' lien for material furnished on the building Parker had built out of the brick above mentioned. Berry brought his action against Parker and Black; against Parker to recover that part of the price unpaid for the brick yard, and against Black to enforce his mechanics' lien for material on the building erected by Parker for him. Special questions were submitted to a jury, and after the evidence was introduced and the questions answered, the plaintiff and defendant Black each made a motion for judgment in his favor on the findings of the jury, which motions were overruled by the court setting aside all of the findings and granting a new trial. Upon this order of the judge, the defendant Black brings the case here as plaintiff in error.

The court, in granting a new trial, gave its reasons therefor as follows:

"In consideration of the answer made by the jury to the fourth question submitted to them by the court, and in consideration of the answers made by them to the other questions submitted by the court and the various questions submitted by counsel, the court was of the opinion that justice would be promoted by granting a new trial; and thereupon the court, upon its own motion, set aside the answers, and the case was set down for a new trial."

The questions submitted by the court to the jury are as follows:

"Q. Did the plaintiff Berry furnish and sell to the defendant Parker a quantity of brick for the purpose of constructing a building on the land of defendant Black, with the understanding and agreement at or before that time, between said Berry and Parker, that said brick were to be used in the construction of the said building of the defendant Black? A. From the evidence, we believe the parties had such understanding.
"Q. What was the number of brick sold by the plaintiff Berry to the defendant Parker that were used in the construction of the building of the defendant Black? A. From the evidence, we believe there were at least forty thousand.
"Q. What was the value of the brick sold by the plaintiff Berry to the defendant Parker that were used in the construction of the building of the defendant Black? A. Two hundred and forty dollars.
"Q. What was the amount due from Parker to the plaintiff Berry, for the brick sold by Berry to Parker and used in the construction of Black's building, at the time plaintiff filed his statement for a mechanics' lien, which was on the 3d day of October, 1885? A. No evidence to the amounts."

The eleventh question submitted at the request of plaintiff, is as follows:

"*Ques.*: How much is still due from said S. A. Parker to said John Berry on the contract for the purchase of said brick? *Ans.*: Whole amount due on bricks, $688."

By an examination and comparison of the above questions and answers, we can readily believe that the court had good

reasons for its ruling. There are also contradictions in the answers to the other questions. There are many of them, and their insertion and comparison in this opinion would be profitless.

From the entire record we agree with the court that tried the action, that justice was promoted by granting a new trial. Certainly by applying the well-established rules of this court in cases where new trials have been granted by the trial court, there was no error in granting one in this instance. (*Field v. Kinnear*, 5 Kas. 238; *McCreary v. Hart*, 39 id. 216, and cases cited.)

We recommend that the judgment of the court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.