THE KANSAS CITY BELT LINE RAILWAY COMPANY v.
v. EDWIN S. CAIN.
No. 8361.

INSTRUCTIONS—*Verdict for Defendant—New Trial Granted Plaintiff.* Where the court gave an instruction not justified by the evidence, and another which was improper and perhaps prejudicial, and the verdict was in favor of the defendant below, at whose instance such instructions were given, *held,* that the court did not err in granting to the plaintiff below a new trial.

*Error from Wyandotte Common Pleas Court.*

THE original suit was instituted April 9, 1891, by the defendant in error against the plaintiff in error to recover $10,000 as damages for personal injuries sustained February 27, 1891, by the alleged negligence of the servants of the railway company in the packing-house yards of Swift & Co., where the defendant in error was working as a carpenter in constructing a viaduct extending from one building to another and spanning two railroad tracks.   Certain false work had been erected for the purpose of supporting the truss viaduct in course of erection and the scaffolding on which the carpenters worked.   The viaduct was nearly finished, and ropes connecting with a pulley had been put up with a view to pulling down the false work as soon as the viaduct was completed.   One rope suspended from the pulley above was fastened to a post supporting the false work near the ground.   A locomotive and crew of the belt railway company came

into the yards for the purpose of removing or shifting some cars, and the locomotive backed under the viaduct and false work. Three or four men were standing upon the foot-board of the tender, and one of them caught hold of or threw the rope in some manner, and it caught upon the cab of the engine and pulled the false work down, probably by removing the upright post to which the rope was fastened, and the plaintiff below was precipitated to the ground with the falling timbers, and was injured thereby. The railroad tracks within the packing-house yards belonged to Swift & Co., and they kept a yardmaster, who gave directions to the foreman of the engine crew as to what cars should be taken out, removed, or shifted. This yardmaster was on the foot-board, and there was some evidence that the man who pulled or threw the rope was one of the switchmen belonging to the engine crew. A trial on December 17 and 18, 1891, resulted in a verdict for the defendant below, but on motion of the plaintiff below it was set aside and a new trial granted, on the ground that error of law prejudicial to the plaintiff below was committed in the instructions given to the jury, and in refusing instructions asked by the plaintiff below, and the railway company seeks a reversal of this order. The opinion herein was filed May 9, 1896.

*Hutchings, Keplinger & Miller*, and *Pratt, Ferry & Hagerman*, for plaintiff in error.

*Dail & Bird*, for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J. : The railway company contended on the trial that its servants were under the exclusive control of Swift & Co., and therefore it was not liable

for any negligence on the part of the crew while doing the work of Swift & Co. in their private yards. It also claimed that if the man who interfered with the rope was one of its servants, yet he was not in the line of duty in taking hold of the rope, and that it was exempt from liability for his act. No evidence was given as to the arrangement between the railway company and Swift & Co. respecting the doing of such work further than as above indicated. Yet the court, at the instance of the defendant below, instructed the jury that the railway company had the right to turn over its crew and engine to Swift & Co. for use in their particular work, and to put such crew under the entire control of Swift & Co., and, if it did so, the defendant had no control over such crew when it was engaged in the work in Swift & Co.'s yards; and said crew, for such work, were Swift & Co.'s servants, even though in the pay of the railway company owning the engine; and further, that a finding in favor of the railway company would not in any manner prevent the plaintiff below from recovering a judgment against Swift & Co. in an action brought for that purpose, if his injuries were caused by the negligence of the servants of Swift & Co. Other intructions were somewhat involved, and not entirely clear. There was no evidence to justify the assumption that the railway company had turned over its crew and engine to Swift & Co., except as above shown, and the suggestion that a recovery might be had against Swift & Co., who were not parties to this action, was perhaps prejudicial to the plaintiff below, and it should not have been given. It is possible that the railway company and Swift & Co. may be jointly or severally liable. (*C. R. I. & P. Rly. Co. v. Groves*, ante, p. 601, 44 Pac. Rep. 628.)

It was held in *Bedell v. National Bank*, 16 Kan. 130, that where a new trial has been granted on the ground that the jury may have been, and probably were, misled by one of the instructions given, this court will not reverse the order granting a new trial; and in *Sanders v. Wakefield*, 41 Kan. 11, 14, that a new trial ought to be granted whenever in the opinion of the trial court the party asking it has not in all probability had a reasonably fair trial or received substantial justice.

Tested by these rules, we cannot hold that the court erred in granting a new trial, and the judgment must be affirmed.

All the Justices concurring.