## J. B. SMITH v. W. B. WILLIAMS.

1. NEW TRIAL; *Newly-Discovered Evidence.* Before a motion for a new trial on the ground of newly-discovered evidence will be sustained, it must appear that such evidence could not have been discovered before the trial by the use of reasonable diligence.

2. —— *Diligence must be Shown.* The affidavits on such motion must contain the facts which show such diligence, and a mere assertion that all reasonable diligence was used, is insufficient.

*Error from Sedgwick District Court.*

WILLIAMS brought suit before a justice of the peace to recover an alleged debt due him for a lot of corn sold by him

to *Smith*. The action was appealed to the district court, and was there tried at the December Term 1872. The defense was, payment. On the trial *Smith* testified that on or about the 9th of December 1871 he settled with *Williams,* and paid him in full for the corn, being the claim in suit. *Williams* testified in his own behalf, and denied that *Smith* had paid the demand. The jury found for the plaintiff, assessing his damages at $41.20. Two days after the trial *Smith* filed a motion for a new trial upon the ground of newly-discovered evidence, supporting said motion by his own affidavit, alleging the discovery, and that he had, previously to the trial, "used due diligence" to obtain the testimony. He also filed the affidavit of Helen Smith, who stated "that subsequently to the 9th of December 1871, she heard plaintiff *Williams* say and admit that *Smith* had settled with and paid him in full for a certain lot of corn before that time purchased by said *Smith* of said *Williams,* and that he (Williams) liked to do business that way." Motion for new trial overruled, and judgment on the verdict. *Smith* brings the case here on error.

*S. M. Tucker,* for plaintiff in error:

The question of Smith's right to a new trial in this case rests mainly upon the question whether the newly-discovered evidence is *cumulative.* And upon this point see: 6 Pick., 114; 4 Wendell, 579; 16 Iowa, 121. These cases all go to the extent that evidence of admissions of a party to the action, material to the issue, and not testified to upon the trial, is not cumulative, but that the admissions are new facts in the case. A new trial should be granted in order that the evidence of Helen Smith may be heard by a jury in the case.

*Sluss & Dyer,* for defendant in error:

1. A motion for a new trial on the ground of newly-discovered evidence involves certain questions of fact which are to be determined by the court trying the case. Code, § 309.

2. The exercise of *reasonable diligence* on the part of the party applying, is a question of fact, and must be made

8—11 KAS.

affirmatively to appear to the satisfaction of the court. Gra. & Wat. New Trials, 1021, 1026. The fact that the evidence was not produced at the trial creates a strong presumption of neglect on the part of the party applying, and he should, by his proof, clearly negative this presumption in order to entitle himself to a new trial. 22 Iowa, 498; 4 Ohio, 5, 44.

3. The determination of the question of the cumulative character of the alleged new testimony, so quickly discovered, rested largely in the sound discretion of the court below. The record does not disclose an abuse of that discretion. But the alleged newly-discovered evidence was cumulative merely. 1 Bouvier Law Dic., 415; 8 Johns., 84.

The opinion of the court was delivered by

BREWER, J.: The only question in this case is whether the district court erred in overruling a motion for a new trial. The motion was based on the ground of newly-discovered evidence. While the rules by which motions of this kind must be determined are well settled, and clearly defined, yet in the application of these rules much must be left to the discretion of the trial court. When a case has been once fairly submitted to a jury, the verdict ought not to be disturbed, and the successful party put to the labor, the expense, and the hazard of another trial for any light or trivial reasons, or upon the mere possibility of a different verdict. Especially is this true where the amount in controversy is small, for then it is to the interest of both parties, as well as that of the public, that the litigation should cease as speedily as possible. Here the judgment was for forty-one dollars and twenty cents. Before granting a new trial in case upon the ground of newly-discovered evidence, it should be very evident that the other party has, *after using all reasonable and proper diligence*, lost the verdict through lack of testimony which he has since discovered. Diligence prior to the trial in seeking testimony is an essential prerequisite. Such diligence must be shown. An allegation in the affidavit of the party, that "he has used due diligence," is insufficient. In this case the

newly-discovered evidence is of an admission of the defendant in error of a fact which he denied on the trial. This was the second trial, more than two months having passed since the first. The affidavit of the discovery of this evidence is made two days after the verdict. It nowhere appears how this evidence was discovered, whether by the volunteer statement, or through inquiry made directly of the witness; nor where the witness had been prior to the trial, and why no inquiry had previously been made as to her knowledge. For aught that the record discloses, her relations to the parties and transaction may have been such that a failure to procure her attendance and testimony was really gross negligence. All the evidence of diligence presented is the mere allegation in the affidavit that the party made inquiry of every person he thought might know anything about the case, and failed to obtain this evidence, and that he has used due diligence. This is virtually swearing to a conclusion. He does not in his affidavit even name the witness who is to furnish this newly-discovered evidence. True, the affidavit of Helen Smith is produced, who testifies to hearing this admission of the defendant in error, and we may therefore infer that she is the witness intended. But this is simply an inference. We do not think this showing of diligence is sufficient to justify us in reversing the ruling of the district court. The judgment will therefore be affirmed.

All the Justices concurring.