## JOHN R. BOYD v. AMOS SANFORD.

1. BILL OF EXCEPTIONS; *Testimony, sustaining Verdict.* Where the certificate to the bill of exceptions only shows that "it presents nearly all of the testimony introduced by the parties," it is impossible for this court to say that the verdict was not sustained by the evidence.

2. NEW TRIAL; *Newly-Discovered Evidence; Affidavit.* On a motion for a new trial on the ground of newly-discovered evidence, an assertion in the affidavit of the moving party that he had used due diligence to obtain such evidence, is sufficient. The facts showing such diligence must be disclosed.

2. ———— *Misconduct of Party, Accident; Diligence.* Where the grounds of a motion for a new trial are misconduct of the prevailing party, and accident or surprise which ordinary prudence could not have guarded against, and the facts as claimed are, that the prevailing party testified incorrectly as to the contents of a letter, it is not error to overrule the motion when it does not appear that the prevailing party was guilty of willful false-swearing, nor that the losing party had used due diligence to have and produce the letter at the trial.

*Error from Cherokee District Court.*

SANFORD recovered a judgment against *Boyd,* at the October Term 1873, for $120 for services as an attorney-at-law. *Boyd* moved for a new trial, which was refused, and he now brings the case here. The proceedings on the motion for a new trial are fully stated in the opinion.

*W. M. Matheny,* for plaintiff in error.

*Amos Sanford,* defendant in error, for himself.

The opinion of the court was delivered by

BREWER, J.: Three errors are alleged, first, that the verdict is contrary to the evidence. As the certificate of the judge to the bill of exceptions is only that "it presents nearly all of the testimony introduced by the parties," it is impossible for us to say that the verdict was not sufficiently supported by the evidence.

The second error alleged is in refusing a new trial on the

ground of newly-discovered evidence. The newly-discovered

**2. Newly-discovered evidence; affidavit.** testimony consists of two letters written by Sanford, the plaintiff, to the defendant. But no diligence is shown, no reason given why they were not produced at the trial. True, the affiant swears that he could not with reasonable diligence have discovered and produced them on the trial; but this is insufficient. The facts which show diligence must be disclosed. The court is to decide, and not the party, whether reasonable diligence has been used. *Smith v. Williams*, 11 Kas., 104.

The defendant below, plaintiff in error here, also filed a second motion for a new trial, on the ground of misconduct of the plaintiff, and accident or surprise which ordinary prudence could not have guarded against. The facts

**3. Diligence, in discovering testimony.** are these: The action was for professional services. That the services were rendered does not appear to have been questioned, nor was their value seriously contested. Defendant claimed that after they had been rendered plaintiff agreed to take a certain sum, to-wit, fifty dollars, in full payment; that he had paid part thereof, and tendered the balance. He testified on the trial that he had received a letter making such a proposition, but had lost it. Another witness testified to having seen the letter, and that such were its contents. The bill of exceptions does not show that plaintiff testified at all concerning the letter, or the proposition. But Boyd's affidavit filed on the motion states that the plaintiff on the trial "denied the contents of said letter, and testified that said letter stated 'if defendant would send him fifty dollars by a certain time, to-wit, the Tuesday after the writing thereof, he (plaintiff) would give defendant a full receipt.' This affiant also alleges that the letter was lost and could not be produced on the trial, and has since been found." But he does not disclose what if any efforts were made to find and produce it at the trial, or how it happens to have been found within two days thereafter. Under these circumstances we cannot say that the court erred in overruling the motion. There is not enough to warrant the court in imputing willful false-swearing to the

19—14 KAS.

plaintiff—nothing to show reasonable diligence on the part of the defendant. *Laithe v. McDonald*, 7 Kas., 254.

The judgment will be affirmed.

All the Justices concurring.