### HENRY WHEELER, *et al.*, V. JOHN JOY.

1. EXCEPTIONS, *To Instructions; General Exceptions.* A general exception to a whole charge is not available, unless the whole charge is erroneous, or unless the charge in its general scope or meaning is erroneous.

2. ERROR, *When Alleged, Should be Shown.* Where the complaint in the brief is, that the charge was vague and inexplicit, or inconsistent, and counsel fail to point out wherein it was so, this court will make no critical examination of the charge for the purpose of finding out the alleged defects.

*Error from Cloud District Court.*

ACTION by *Joy*, against *Wheeler, Tisdale, Parker, Hawks* and *Terry*, partners as the "Southwestern Stage Company," to recover damages for injuries sustained by him by the uncoupling and overturning of defendants' stage-coach, while plaintiff was being carried therein as a passenger. Trial at the November Term 1874. Verdict and judgment for plaintiff, for $1,800. New trial refused, and defendants bring the case here on error.

*Thacher & Stephens,* for plaintiffs in error, submitted the three propositions quoted in the opinion, *infra,* and in support of the first, cited, 3 Am. Rep. 245; 3 Gra. & W. New Trials, 673.

*L. J. Crans,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action to recover damages for a physical injury. The only errors complained of are thus stated in brief of counsel for plaintiffs in error: "The court erred in charging the jury that the plaintiff was entitled to recover damages for mental suffering;" "the charge of the court did not present the law in a clear manner to the jury, but was vague and inexplicit, and tended to obscure the case rather than throw light upon it;" "the charge was inconsistent." So far as these last two matters are concerned, it is not pointed out in the brief or elsewhere, wherein the charge was vague and inexplicit, or inconsistent. An examination of the charge does not suggest to us anything to sustain these claims, and the record fails to show that it contains all the instructions given, and as counsel have failed to assist us in the matter, we pass it without further consideration.

As to the first objection, it is enough to say that the only exception to the charge was thus taken—"to the giving of which instructions, defendants then and there objected and excepted." Now it is well settled, that under such an exception a single portion of the charge cannot be singled out, and for error in it the judgment be reversed; but the charge as a whole, and in its general scope, must be erroneous, or the exception is unavailing. *K. P. Rly. Co. v. Nichols,* 9 Kas. 236, 256; *Sumner v. Blair,* 9 Kas. 521; *City of Atchison v. King,* 9 Kas. 551; *Furguson v. Graves,* 12 Kas. 39.

These being the only matters referred to by counsel in their brief, the judgment will be affirmed.

All the Justices concurring.