## S. L. FULLENWIDER V. JESSE EWING.

1. EXCEPTION TO CHARGE, *Insufficient.* Where the court gives a general charge to the jury, and the charge contains numerous particulars and various propositions of law, and a general exception only is taken to the charge, *held,* that the exception is not sufficient.
2. ———— Where the court refuses to give certain instructions, which seem to be proper in the case, and only the substance of those given is brought to the supreme court, and those refused seem to be substantially incorporated in those given, *held,* that no material error is shown.

### *Error from Anderson District Court.*

ACTION brought by *Ewing* against *Fullenwider,* to recover damages for defendant's alleged criminal conversation with plaintiff's wife. Trial at the September Term, 1879, of the district court, when the jury found for the plaintiff and assessed his damages at $1,000. New trial denied, and judgment accordingly for the plaintiff. The defendant brings the case here. The opinion states the facts.

*A. Bergen,* for plaintiff in error.

*W. A. Johnson,* and *H. L. Poplin,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought by Jesse Ewing against S. L. Fullenwider, to recover damages for defendant's alleged criminal conversation with plaintiff's wife. A verdict was returned and judgment rendered in the district court for the plaintiff for $1,000. The defendant then brought the case to this court for review.

The plaintiff in error alleges in this court that the district court erred, first, in the instructions given to the jury on the trial; second, in refusing to give the instructions asked by him; third, in overruling his motion for a new trial; fourth, that the evidence does not sustain the verdict.

We shall examine these allegations or claims of the plaintiff in error in their order.

I. The charge given by the court below to the jury was oral, neither party asking that the instructions should be given in writing, and the record brought to this court does not purport to give anything more than the substance of the charge. It appears however from the record as brought to this court, that the charge contained numerous particulars and various propositions of law. To this charge the defendant took only one exception, and that exception was in the following words, to wit: "To which charge the defendant excepted." This exception is clearly not sufficient. (*K. P. Rly. Co. v. Nichols,* 9 Kas. 236; *Sumner v. Blair,* 9 Kas. 521; *City of Atchison v. King,* 9 Kas. 551; *Ferguson v. Graves,* 12 Kas. 39; *Wheeler v. Joy,* 15 Kas. 389.) The charge was correct in its general scope, and was reasonably correct in all its particulars. The only criticism to which it may be subject is, that it gives too great prominence to a certain matter which has but little to do with the merits of the case. Even if the exception had been sufficient, we could not reverse the judgment because of any material or substantial error in the charge. But the exception was not sufficient. Hence we pass to the next question.

II. The defendant requested the court below to charge the jury "that they were the exclusive judges of all questions of fact," and "that the burden of proof was upon the plaintiff to maintain the issues upon his side by a preponderance of the proof." The court refused to give these instructions. They were certainly proper instructions in the case, and should have been given, unless the court substantially gave them in other instructions. We think, however, the court did substantially give them in its general charge, and therefore that it did not commit any material error in refusing them. It must be remembered also that only the substance of the general charge has been brought to this court; and it even takes a very liberal construction of the record to say that it affirmatively shows that even the substance of all the charge or of all the instructions of the court below to the jury has been brought to this court. But supposing that all the charge and

all the instructions have in substance been brought to this court, still we cannot say that the court below committed material error.

III. Assuming that there was sufficient evidence to sustain the verdict of the jury, we would then say that the court below certainly did not err in overruling the defendant's motion for a new trial.

IV. And we think there was clearly sufficient evidence to sustain the verdict. Either the defendant had carnal connection with the plaintiff's wife, or Laura J. Ewing committed willful and corrupt perjury; and we cannot say from the evidence, and against the verdict of the jury, that she committed perjury, or even that she was mistaken. And it does not appear that the defendant denied having sexual intercourse with the plaintiff's wife when he was charged with it by the defendant's wife herself, in the presence of justice Everline.

The judgment of the court below will be affirmed.

All the Justices concurring.