## WILBER A. HUNT v. JOSEPH HAINES.

1. NEW TRIAL; *Newly-discovered Evidence.* In an action to recover damages for fire set to prairie, after a verdict for defendant, the court granted a new trial on the ground of newly-discovered evidence. A second trial resulted in a verdict and judgment for the plaintiff. None of the testimony offered on the first trial was preserved; nor is there anything to show the scope of that testimony, or the number or names of the witnesses. The affidavits of the moving party in support of the motion for a new trial disclosed that he had made inquiry of all whom he thought likely to have knowledge of material facts, and had not discovered this testimony until the submission of the case to the jury. Counter-affidavits showed that these new witnesses lived within a mile or so of plaintiff; that they frequently passed his house; that he must have been acquainted with them, and known that they were in the neighborhood at the time of the fire. *Held,* That the ruling of the court in granting a new trial, and in leaving the costs of the first trial to abide the final disposition of the case, must be sustained.

2. FIRING PRAIRIES; *Damages.* In an action under § 2 of ch. 118, Comp-
Laws 1879, if it appear that defendant intentionally and directly set a
prairie on fire, he is liable for damages caused thereby; and whether he
did or did not start such fire, is a question of fact for the jury.

### *Error from Riley District Court.*

AT the September Term, 1880, of the district court, *Haines*
had judgment against *Hunt* for $300, damages and costs.
The nature of the action, and the facts, appear in the opinion.
The defendant brings the case here.

*Spilman & Brown,* for plaintiff in error.

*McClure & Humphrey,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Defendant in error brought his action to re-
cover for the destruction of his property by a fire set by
plaintiff in error to prairie grass. A trial was had, and verdict
returned for defendant. On motion, a new trial was granted,
and upon the second trial plaintiff obtained a verdict and
judgment. To reverse this, we have before us this proceeding
in error.

It is alleged, first, that the court erred in granting a new
trial. The ground upon which a new trial was granted was
newly-discovered evidence. The affidavits of the moving
party showed that he had made inquiry of all whom he thought
likely to have knowledge of any facts material to his case, and
had not ascertained that these witnesses knew of certain facts
until after the case had gone to the jury. It appeared from
counter-affidavits that these witnesses lived within a mile or
two of plaintiff, that they frequently passed his house, and
under such circumstances that he could not have been un-
acquainted with them, or ignorant that they were in the neigh-
borhood at the time of the fire. Now it is plain that if the
court had refused the new trial, the case of *Smith v. Williams*,
11 Kas. 104, would be an authority directly in point to sus-
tain such ruling. But it has been frequently held that where

a new trial is granted, this court will require a much stronger showing of error before it disturbs such ruling, than in case the new trial was refused. (*Field v. Kinnear*, 5 Kas. 233; *City of Ottawa v. Washabaugh*, 11 Kas. 124; *Bedell v. Nat. Bank*, 16 Kas. 130.) The result of the second trial in this case tends strongly to show that justice was done in setting aside the first verdict and giving the parties another hearing. There is no pretense that defendant did not have all his testimony at the second trial, and still the verdict was then against him, while before it had been in his favor. Further, we have none of the testimony on the former trial before us; we know nothing as to the course of the evidence, the number or names of the witnesses. .Perhaps the plaintiff had brought nearly all his neighbors in as witnesses, and it was manifest he had been diligent in securing testimony. Perhaps the line of defendant's testimony ran directly counter to what had been manifestly the common understanding of the neighborhood, and the plaintiff, surprised by such testimony, was not prepared to disprove the substance of it. Of course this is mere conjecture, but it only serves to show how illy informed we must, in the nature of things, be upon matters like this, and why so much reliance must be placed on the discretion of the trial judge. No reviewing court can possibly be fully possessed of the information he has, and when his ruling does not finally conclude the parties, but simply gives each another chance to present his case to a jury—and especially when the subsequent trial, in which there is no pretense of a lack of testimony on either side, practically sustains his action in setting aside the former verdict—a reviewing court will be very loath to reverse such ruling and uphold the former verdict as a finality.

For similar reasons, his ruling upon the question of costs must be sustained. We have nothing to add to the remarks made upon this question of costs on new trial in the case of *N. C. C. M. & S. Co. v. Eakins*, 23 Kas. 318. But we do not know that the victorious party in this case was without fault. It would seem to us, from all the insight we have into the

facts of the former trial, that the costs of that trial should have been taxed against the plaintiff; but where a ruling which rests so largely in the discretion of the court is challenged, it should appear not only that the ruling may have been wrong, but also that it must have been. All presumptions sustain it. The silence of the record sustains it. All doubts go in its favor.

We pass now to the questions raised upon the second trial. The action was brought under chapter 118 of the Compiled Laws of 1879. A similar statute was before this court for consideration in *Emerson v. Gardiner*, 8 Kas. 455, and in that case it was said, "If fire is set to woods, marshes or prairies, then there can be a recovery under the statute, and the test of liability will be, did the defendant set the fire?" Of course, this "setting on fire" must be the direct intentional act of the defendant, as explained in the *M. K. & T. Rly. Co. v. Davidson*, 14 Kas. 349, and not an unavoidable accident. So far, then, as the liability of the defendant is concerned, the simple question was, did the defendant intentionally, and not in firing against fire, set the prairie on fire? If he did, and that fire destroyed plaintiff's property, he is liable. No element of willfulness or negligence enters. He may not have thought of injuring his neighbor, and he may have been guilty of no negligence. Yet if he intentionally set the prairie on fire, he must pay for the damage done by such fire. This question the court placed distinctly before the jury in its charge. They found against the defendant. The testimony will sustain while it may not compel such a conclusion. Beyond question, he started a prairie fire on the morning of the day that this damage was done. He admits that. This was in close proximity to a house he was building. This fire he claims to have fully extinguished. Later in the morning the grass is found to be on fire a short distance off, and, spreading with great rapidity, does the damage. Now the theory of the plaintiff was, that the fire started by defendant was not fully extinguished, but ran along the grass unnoticed by him for a while until, driven by the rising wind, it spread into a large and devouring flame;

and there was testimony tending to sustain this theory. And we cannot hold that the jury were bound to find against it. The only exception to the charge of the court was a general exception to it as a whole, and is available therefore only in case its general scope and drift are erroneous. (*Sumner v. Blair*, 9 Kas. 521; *Ferguson v. Graves*, 12 Kas. 39; *Wheeler v. Joy*, 15 Kas. 389.) And we see no reason to doubt the general accuracy of the charge. It seems to cover the entire ground, and presents the question fairly to the jury.

Taking the case as a whole, we see no material error, nothing prejudicing the substantial rights of the defendant, and therefore the judgment must be affirmed.

All the Justices concurring.