F. G. HENTIG V. THE KANSAS LOAN AND TRUST COM-
PANY.

1. PETITION *In Two Counts; One Cause of Action; Practice.* A petition in
two counts was filed — the first a general count for services, and the second
one for money had and received; and on motion of the defendant the
court ordered that the second count be made more definite and certain,
and gave plaintiff leave to amend his petition. No amendment was
made, and the second count was unchanged. No order was made strik-
ing it from the petition, and no further action of any kind in reference
to it was taken until on the trial and after plaintiff had rested his case,
when the court sustained a demurrer to the evidence in support of
such second count. *Held,* That inasmuch as the testimony disclosed
but one cause of action, and that a claim for services rendered, (the fact
of the employment and rendering of the services being undisputed, and
the only controversy between the parties being as to the amount and
manner of determining the compensation,) and as full recovery could be
had under the first count, the ruling of the court in sustaining the de-
murrer, if error it was, was not an error working injury to the substan-
tial rights of the plaintiff.

2. ————— A general exception to a whole charge is available to present
for review only the general scope and meaning of the charge. (*Wheeler
v. Joy,* 15 Kas. 389.)

3. JUDGMENT, *Not Reversed.* A judgment will not be reversed simply be-
cause an instruction given by the trial court is meaningless, but only
when it is erroneous and working injury to the substantial rights of the
party complaining.

*Error from Shawnee District Court.*

ACTION brought by *Hentig* against the *Kansas Loan and
Trust Company,* to recover for professional services as an
attorney at law. January 10, 1882, the jury returned a ver-

dict for plaintiff for $1,337, instead of $10,186.13, the sum sued for. New trial denied, and judgment upon the verdict for plaintiff, who brings the case to this court. The opinion states the facts.

*G. C. Clemens,* and *A. H. Vance,* for plaintiff in error.
*Rossington, Johnston & Smith,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action commenced in the district court of Shawnee county by plaintiff in error, plaintiff below, to recover of the defendant for professional services as an attorney and solicitor. He claimed in his petition ten thousand one hundred and eighty-six dollars and thirteen cents. The case was tried before a jury, which returned a verdict in his favor of thirteen hundred and thirty-seven dollars. Upon this verdict judgment was entered, and plaintiff now brings this case here for review. The record is very voluminous, but still the questions presented are few and easy of solution; and after all, the case involves mainly matters of fact and questions of value which are to be determined by a jury. In a general way it may be stated that the defendant was a company receiving funds from eastern parties, and loaning them on note and mortgage in this state; that in case of any default in the payment of the interest or principal of such loans, the mortgages were sent to it for foreclosure. It employed the plaintiff as its counsel to conduct these foreclosures, and for his services in this respect this action was brought. There was no dispute as to the fact that the services were rendered. The controversy turned on the question whether the compensation was fixed by a special contract, and if so, its terms, or whether plaintiff was entitled to receive on a *quantum meruit.* There was some preliminary skirmishing between counsel upon the pleadings, and several amendments were made thereto. It finally ended in this way: The plaintiff filed a third amended petition in two counts. In the first he claimed for services as an attorney and solicitor,

attaching thereto an account in which were itemized the different cases in which he had been employed, and the amounts claimed for each. The second count was a general claim for money had and received, the amount stated therein being the same as that claimed in the first count. Upon the filing of this petition the court sustained a motion to make the second count more definite and certain, and gave plaintiff leave to amend his petition. No amendment was however made, the second count was unchanged, and no further action was had or order made by the court in respect to such second count until on the trial the plaintiff had finished his testimony, at which time the court sustained a demurrer to the evidence offered in support of such second count. This ruling is the first and principal error assigned. Counsel argue that upon a demurrer to the evidence no question can be considered as to the sufficiency of the pleading, at least that all mere formal defects are waived; that the second count had not been stricken out, and that while a motion to make it more definite and certain had been sustained, neither the motion nor the order of the court in any manner indicated wherein it lacked precision and certainty, or in what respects or to what extent it required correction. We deem it unnecessary to follow the line of counsel's argument, or determine whether there were any technical errors in these rulings, for we think it clear that there was nothing that worked to the substantial injury of plaintiff's rights, or prevented the jury from fully passing upon plaintiff's entire claim, and for these reasons: There was but one cause of action, and that the claim on account of the professional services. There was no intimation in the testimony, not the first *scintilla* of evidence, of any other transaction between the parties. There was no pretense of any receipt of money by the defendant belonging to the plaintiff, independent of the matters contained in the first count. If the claim of the plaintiff was correct, that he had been employed to render these professional services with any specific contract as to the amount or mode of compensation, then the single question for the jury was

as to the value of these services, and of course the second count was mere surplusage. On the other hand, if the claim of the defendant was correct, still, full recovery could be had under the first count. The defendant's claim was substantially this: Receiving from time to time certain mortgages for foreclosure, all or nearly all of which contained a stipulation for 10 per cent. attorney's fees, it employed the plaintiff to conduct these foreclosures, agreeing to give him as compensation therefor a certain per cent. of the net amount of the attorney-fees actually collected. Now under either claim, the single question was as to the amount of compensation, and in either event full recovery could be had under the first count. To say that because the defendant had collected the full amount of attorney's fees in any given case it was therefore liable to the plaintiff for his per cent. thereof on a count for money had and received, is only a different way of stating that it was liable to him for such per cent. as his compensation for services it had employed him to render. In other words, proof that he had rendered the services, that he was to receive a certain per cent. of the net amount of the attorney-fees collected, and that such attorney-fees had been collected, establishes his right to recover that per cent. as his compensation for services; and all this was sustainable under the first count for services. Such testimony simply shows a different mode of determining the amount of compensation. The plaintiff had but one cause of action; was entitled to but one compensation; and whether the amount of that compensation was to be determined in one way or the other, is immaterial. He could prove either way under the first count, which, as before stated, was a general count for the value of services rendered. Under it he could prove either a special contract or recover under a *quantum meruit*. (*Emslie v. City of Leavenworth*, 20 Kas. 562.) Duplicating his counts does not double his causes of action, or increase the amount of his recovery. The whole of his cause of action being provable and recoverable under the first count, it is entirely immaterial how many other counts were in the first instance connected

with it in the petition, or what disposition was made of such other counts. Entertaining these views, we see no reason for disturbing the judgment on the ground of this ruling.

The only other errors alleged are, in the giving of certain instructions. These might be disposed of by the simple observation that no sufficient exceptions were taken. The court gave a series of instructions, some eight in number. At the close it is stated: "To the giving of all which instructions the plaintiff by his counsel then and there duly excepted." This is insufficient to bring before us anything but the general scope and effect of the charge. Counsel cannot now single out any portion and challenge that as error. (*Wheeler v. Joy*, 15 Kas. 389, and cases cited; *Fullenwider v. Ewing*, 25 Kas. 69; *Hunt v. Haines*, 25 Kas. 214.)

We have examined the instructions, and their general scope is beyond criticism. Further than that, we fail to see in the specific matters pointed out by counsel any material error. The third instruction they say is "absolutely meaningless." If this be true, was plaintiff injured? Does it mean less for one party than the other? Upon this counsel are silent, and yet this is the essential question in determining whether the judgment should be reversed. But the instruction is not meaningless. In this case it may not have been important; in some cases it would be. And it is clearly correct. It instructs the jury to decide "from the evidence" the plaintiff's right of recovery.

The fourth instruction is said to be abstract, inapplicable, and incorrect. We disagree entirely with this claim. No jury could have been misled by its language, and it must have been understood. It stated the law correctly, and was applicable to the case. It was in substance, that in the absence of a special contract as to the compensation, plaintiff was entitled to recover the value of his services.

The fifth was the appropriate counterpart of this, and in substance stated that if there was a special contract as to the compensation, plaintiff was bound by its terms, and must prove the amount which according thereto he was entitled to

recover.    We see nothing else which requires comment.    As heretofore stated, the questions in this case are essentially questions of fact, and upon them the verdict of a jury is final and decisive.

The judgment will be affirmed.

All the Justices concurring.