## O. L. YOUNG v. S. I. YOUNGMAN.

1. INSTRUCTIONS—*Unavailing Objection.* A general objection to the charge of the court, without specifying wherein it is objectionable, is unavailing to the plaintiff in error, and will not be examined.

2. VERDICT, *Sustained.* The testimony in the case examined, and *held* to be sufficient to sustain the verdict and judgment that were given.

*Error from Cherokee District Court.*

THE opinion states the case.

*Cowley & Wiswell,* for plaintiff in error.

*Ritter & Skidmore,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was replevin for a small stock of groceries and drugs. The goods were formerly owned by J. S. Patton, who was largely indebted to several creditors, and while so indebted transferred the goods to O. L. Young. The judgment creditors of Patton sued out executions and placed them in the hands of S. I. Youngman, a constable, who seized the stock of goods as the property of Patton. Young then prosecuted this action for the recovery of the stock, but the verdict is that he was not the owner of the property, and that the defendant did not wrongfully detain the same from his possession.

Plaintiff complains that the verdict is contrary to the evidence, but from an examination of a large volume of testimony taken with reference to the good faith of the transfer,

we cannot say the conclusion reached by the jury is not correct. After the sale the goods remained in Patton's house, who still remained in control, claiming to be acting as the clerk of the plaintiff at a salary of $25 per month. The plaintiff devoted very little time or attention to the business, and taking the testimony of the plaintiff, the statements of the parties with respect to what had been paid for the goods were not harmonious or satisfactory. The case presented is one of conflicting testimony, and in that state of the testimony we cannot disturb the verdict or judgment.

There is a general complaint as to the charge of the court, but no specific objection is pointed out, and we will not undertake to search for errors that are not specifically assigned and pointed out. (*Wheeler v. Joy*, 15 Kas. 389.)

Judgment affirmed.

All the Justices concurring.