S. B. FLEMING *et al.* v. L. D. LATHAM & CO., *a corporation.*

1. ALLEGED ERRORS, *When not Reviewed.* Alleged errors in the ruling of the trial court in receiving and rejecting evidence cannot be reviewed in this court, in the absence of any exceptions to such rulings.

2. —— *Insufficient Exception.* Where the trial court gives several instructions to the jury involving different propositions of law, and a general exception only is taken to the charge as a whole, the exception is not sufficient.

3. EXCEPTION, *Not Sufficient.* Where the court is asked to give a number of separate instructions and refuses to give any of them, and a general exception is taken to such refusal, *held,* that the exception is not sufficient.

4. —— *Cause of Action, Stated.* The petition examined, and *held,* that the second count thereof states a proper cause of action.

*Error from Cowley District Court.*

ACTION by *L. D. Latham & Co.* against *S. B. Fleming* and others to recover a balance due on a certain note. Verdict and judgment for plaintiffs. New trial denied. Defendants bring error.

*Oliver M. Wilson,* and *Rossington, Smith & Dallas,* for plaintiffs in error.

*Jos. O'Hare,* for defendants in error.

Opinion by STRANG, C.: L. D. Latham & Co., a corporation organized under the laws of the state of Illinois, and doing business in the states of Illinois and Kansas, were engaged, during the years of 1885 and 1886, in building the Kansas City & Southwestern railroad, from Beaumont, in Butler county, to the south line of the state, at Arkansas City. During that time the people of Arkansas City were desirous of securing the building of a railroad from Arkansas City, by way of Geuda Springs, to Caldwell, in Sumner county. The defendants in error were contemplating building the latter road, called the Geuda Springs, Caldwell & Western railroad. The defend-

ants below were citizens and property-owners of Arkansas City, and, to induce said L. D. Latham & Co. to construct said Geuda Springs, Caldwell & Western railroad, agreed with said construction company, to pay it, when said road was completed within the time agreed upon, the sum of $7,000 in cash, or deliver to it the bonds of the city of Arkansas City in the sum of $10,000 face value. To secure to said company the payment of the said sum of money, or the delivery of said amount in bonds of said city, the plaintiffs herein, who were defendants below, executed to said company their promissory note for the sum of $7,000, in consideration of the building of said road by said company, which note contained a stipulation or condition that the makers thereof could at their option deliver to the payees therein named the bonds of the said city of Arkansas City in the sum of $10,000 par value, in lieu of said $7,000 in cash. This note was given as a guaranty for the delivery of said bonds, but with the understanding that if the makers paid $7,000 in cash that would liquidate and satisfy the agreement. The company built the road. A proposition to vote $7,500 in bonds to the said Geuda Springs, Caldwell & Western railroad was submitted to a vote of the qualified electors of Arkansas City, resulting in favor of the issuance of the bonds, and they were subsequently issued and sold by the defendant company, and the proceeds, $6,437, indorsed on said note or guaranty. The balance not being paid, the instrument was placed in the hands of a justice of the peace with instructions to collect. One hundred and twelve dollars and fifty cents was paid to said justice by some of the makers of said note or guaranty, and the balance was never paid. The instrument itself was lost or stolen while in the hands of the magistrate. Suit was brought to recover the sum remaining unpaid. The defendants below demurred to the second count of the petition. The demurrer was overruled, after which an answer and reply were filed, and the case tried by the court and a jury, resulting in a verdict and judgment for the plaintiffs for $539.92. Motion for new trial was overruled, and the plaintiffs come here alleging that

the court erred in overruling the demurrer, in giving and refusing instructions, and in its rulings in relation to the introduction of evidence; and also assert that the verdict is not sustained by the evidence.

Considering these assignments of error in their inverse order, we simply desire to repeat in connection with the last assignment what this court has so frequently said, that as the record discloses evidence in support of the verdict and judgment, this court will not disturb them on the ground alleged in this assignment. We might add, however, in this case, that it seems to us that a clear preponderance of the evidence in the case supports the verdict and judgment.

So far as the next assignment in this order is concerned, it is a sufficient answer thereto to call attention to the fact that the defendants below saved no exceptions to the rulings of the trial court in the admission or rejection of evidence, and, therefore, they are not in a position to ask a review of such rulings. Neither are they in a position to have the instructions given or the instructions asked and refused reviewed, for the reason that they have in the record no valid exception to the instructions given or the instructions refused. There is but a single exception to the instructions given and those refused, as follows: "By attorney for defendants: We except to the general instructions of the court, and to the refusal of the court to give the special instructions asked by the defendants." This exception is too general. This court has frequently held that such an exception will not serve to call the attention of the court to defects in the instructions. When counsel want the instructions given by the trial court reviewed in this court, the exception must indicate the instruction objected to, and so of instructions asked and refused. (*Bailey v. Dodge*, 28 Kas. 72; *Fullenwider v. Ewing*, 25 id. 69.)

The next and last assignment relates to the action of the court in overruling the demurrer to the second count of the petition in the case. The grounds for the demurrer, as presented in the brief of the plaintiff in error, are, "defect of

parties defendant, misjoinder of causes of action, and insufficient facts to constitute a cause of action."

The first contention in this connection is, that the city of Arkansas City should have been joined as a defendant with the plaintiffs in error. We do not know of any reason why the said city should have been made a party. The city was not a party to the instrument sued on, nor does the record show that the city at any time was connected in any transaction with the defendants in error. It is true the city issued $7,500 in bonds to the Geuda Springs, Caldwell & Western railroad, and that said bonds were turned over by defendants below in part payment of the sum they agreed to pay the plaintiffs below, and that they received credit on their note or written guaranty for the proceeds thereof. The fact that the city issued these bonds did not render the city liable to the plaintiffs below on the instrument sued on in this case. Nor is there anything in the record to show that the plaintiffs ever accepted the city as their creditor in lieu of the plaintiffs in error. They simply received the bonds voted by the city from the defendants below, sold them, and gave credit for the proceeds by indorsing the amount on the note or guaranty of the plaintiffs in error. As there is but one cause of action stated in the second count of the petition, the complaint that causes of action are improperly joined is without force. An examination of the second count of the petition satisfies us that it states a good cause of action; hence the court committed no error in overruling the demurrer. We therefore recommend that the judgment of the district court be afffirmed.

By the Court: It is so ordered.

All the Justices concurring.