### THE CITY OF TOPEKA v. PLEASANT SMELSER.
### No. 72.

NEW TRIAL—*Newly-Discovered Evidence—Discretion of Court.* While, as a general rule, a motion for a new trial based on the ground of newly-discovered evidence ought to be overruled, in the absence of a clear showing of diligence in endeavoring to obtain such evidence, still, where such motion is sustained, such ruling will not be disturbed by an appellate court, unless it clearly appears that the trial court abused its discretion in granting a new trial.

MEMORANDUM.— Error from Shawnee circuit court; J. B. JOHNSON, judge. Action by Pleasant Smelser against the city of Topeka to recover damages for personal injuries sustained by plaintiff through the alleged negligence of the defendant. Judgment for defendant. New trial granted plaintiff. The defendant brings the case to this court. Affirmed. The opinion herein, filed April 1, 1896, states the material facts.

*W. A. S. Bird*, city attorney, for plaintiff in error.
*P. L. Soper*, and *W. H. Cowles*, for defendant in error.

The opinion of the court was delivered by .

CLARK, J.: This is an action to recover damages sustained by one Pleasant Smelser through the alleged negligence of the city of Topeka, a city of the first class, in failing to keep and maintain in proper and safe condition the bridge which crosses Shunganunga creek on Lincoln street, near the outer boundary of the corporate limits of the city. The petition recites, among other allegations, that the place where the injury occurred was, with other territory, taken into the city by an ordinance duly passed by the city council on December 9, 1889, approved by the mayor, and published in the Topeka *State Journal* on the following day, and duly approved by the district court of Shawnee county on January 16, 1890 (all of which acts being essential to its validity) ; and that the defective and dangerous condition of the bridge had existed for six months prior to January 17, 1890, the date of the injury complained of. The city answered by general denial, and also alleged contributory negligence on the part of the plaintiff. The jury returned a verdict in favor of the defendant, and judgment was entered in accordance therewith. Soon thereafter the plaintiff filed his motion to vacate the judgment and grant a new trial on the ground of newly-discovered evidence. This motion was supported by affidavits tending to show that the bridge above referred to, and the territory adjoining the same, had been taken into the city by a prior ordinance duly passed and published, and which was approved by the district court on September 16, 1889 ; that the plaintiff had no actual knowledge thereof until more than 10 days after the entry of the judgment in this case in favor of the defendant; that,

soon after the date of the injury, the attorney for the plaintiff, in order to ascertain who was liable therefor, called upon the clerk of the city, who was custodian of its records and ordinances, and was by him informed that the bridge in question was taken into the city by ordinance, on January 16, 1890; that, prior to the receipt of such information, the plaintiff had supposed the bridge was outside of the city limits; that plaintiff's attorney thereupon presented to the mayor and council a claim for damages, which was by them referred to the city attorney, who informed the attorney for plaintiff that he would advise the council that the city was not liable to the plaintiff, as the bridge was taken into the city only one day prior to the injury, and the defendant had not had time to remedy any defects therein; that at the numerous interviews had by plaintiff's attorney with the ways and means committee, the individual councilmen, and the attorney for the city, the matter was discussed by all parties on the assumption that the bridge in question was taken into the city only the day prior to the injury. The court, after considering the evidence offered in support thereof, sustained the motion for a new trial and caused an entry of such order to be spread upon its records, which entry recites among other matters that

"the court finds that the bridge and territory mentioned in the affidavit of W. H. Cowles (plaintiff's attorney) was taken in, annexed to and made a part of the city of Topeka on September 16, 1889, and that the plaintiff herein ought to be granted a new trial. It is therefore considered, ordered and adjudged by the court that plaintiff's said motion be sustained, and that the verdict and judgment heretofore rendered herein be, and the same are, hereby set aside and a new trial granted herein; and, on the application of the plaintiff therefor, it is further ordered, that he

have leave to file within 10. days an amended petition, omitting the allegations contained in the original petition which states the time when the bridge mentioned in the petition was taken within the corporate limits of the city of Topeka.''

The defendant duly excepted to these rulings of the court, and has brought the case here for review.

The only question presented is as to whether or not the trial court committed reversible error in granting a new trial upon the ground of newly-discovered evidence.    The plaintiff in error has cited many decisions of our own supreme court, as well as other authorities, in support of the contention that the court erred in its ruling, and all these authorities would be in point had the court overruled plaintiff's motion. In all the Kansas cases, save one, and all those of other states, except two, cited by counsel, the trial court had overruled the motions for a new trial, and the appellate court sustains such rulings.    In the one Kansas case referred to, *City of Olathe v. Horner,* 38 Kan. 312, the petition for a new trial alleged as ground therefor newly-discovered evidence.    The court said :

''The evidence called newly-discovered is additional evidence upon the same point controverted before, and simply adds to what has been testified.    It is cumulative in its character, and is not sufficient to justify the granting of a new trial.    We do not believe from the testimony of the plaintiff himself and the record that comes here that there was any newly-discovered evidence, which was material to the cause, which could not have been discovered before the trial by the exercise of proper and reasonable diligence on the part of the plaintiff.    While it is with great hesitation that we set aside an order granting a new trial, yet we feel justified in doing so at this time.    One of the reasons usually given for upholding an order of

the lower court, granting a new trial is eliminated from this case. The judge of the court, when this case was originally tried, was not the judge who presided at the time the application was made for a new trial; as a matter of fact, the trial court had overruled a motion for a new trial. Having heard the witnesses and having seen all of the incidents and circumstances of the trial, it can fairly be presumed that the judge was satisfied that the verdict was supported by the evidence.''

In *Hunt v. Haines*, 25 Kan. 210, our supreme court sustained the ruling of the trial court in granting a new trial on the ground of newly-discovered evidence. In that case, the court said:

'' Now it is plain that if the court had refused the new trial, the case of *Smith v. Williams*, 11 Kan. 104, would be authority directly in point to sustain such ruling. But it has been frequently held that where a new trial is granted this court will require a much stronger showing of error before it disturbs such ruling than in case the new trial was refused.''

In *City of Sedan v. Church*, 29 Kan. 190, Mr. Justice VALENTINE says:

'' Trial courts are invested with a very large and extended discretion in the granting of new trials; and new trials ought to be granted whenever in the opinion of the trial court the party asking for a new trial has not in all probability had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the supreme court could understand them as well as the trial court and the parties themselves understood them. . . . Unless the supreme court can see, beyond all reasonable doubt, that the trial court has manifestly and materially erred with reference to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have

been made as it was made, and that it ought not to have been so made, the supreme court will not reverse the order of the trial court granting the new trial. . . . The supreme court will very seldom, and very reluctantly, reverse a decision or order of the trial court that grants a new trial."

In this case the order granting a new trial was made at the same term at which the judgment was entered. It is a general proposition that the court rendering a judgment has full control of it until the expiration of the term at which it was rendered. We are unable to determine whether or not the city authorities had any actual knowledge of the dangerous condition of the bridge, as the record before us contains none of the evidence. We think it might be said as a matter of law that a city the size of Topeka would not be chargeable with culpable negligence in failing to repair a street located near its extreme outer boundary, within 24 hours after the corporate limits of such city had been so extended as to include such street, in the absence of actual knowledge of its defective or dangerous condition; and we think it might also be said that if the bridge in question had been in the defective and dangerous condition alleged in the petition for a period of four months, during all of which time it was within the city limits, the city would be presumed to have knowledge thereof and negligent in not making the necessary repairs. We think the showing in support of the motion for a new trial was exceedingly weak. The statutes provide that "the corporate limits of any city of the first class shall be declared by ordinance, and that, upon any change being made therein, the entire boundary as changed shall be declared in one ordinance." (Gen. Stat. 1889, ¶ 551.) By inspecting the various ordinances declaring the corporate limits of the city, the

plaintiff might have ascertained this "newly-discovered evidence" prior to filing the original petition, and the court might very properly have overruled the motion for a new trial and would have committed no error in doing, so. . Still, the trial court is invested with considerable discretion in matters of this kind, and as another opportunity will be afforded both parties fairly to present the question at issue to a new jury, we cannot say, as a matter of law, that there was such an abuse in the exercise of judicial discretion as to warrant us in reversing the order complained of. It would seem that the plaintiff should be required to pay the costs of the former trial, but this question is also a proper one for determination by the trial court.

The order granting a new trial will be affirmed.

All the Judges concurring.