## LOUIS GLASER *et al.* v. CHARLES GLASER *et al.*

(Filed September 10, 1903.)

1. ERROR—Motion for New Trial. Errors occurring on the trial of a cause will not be reviewed in this court unless presented to the trial court in a motion for new trial.

2. MOTION FOR NEW TRIAL—What Presented by. The eighth statutory cause for a new trial, viz: "Error of law occurring at the trial and excepted to by the party making the application," will, when embraced in a motion for new trial, present to the trial court any objection or exception properly made and saved during the progress of the trial, and this includes exceptions to the giving of instructions to the jury; and an assignment of ·error in this court to the effect that the court erred in overruling the motion for new trial, will present for review by the supreme court every alleged error embodied in the motion for new trial.

3. SAME. This court will not review alleged errors predicated upon exceptions to the giving of instructions, unless such question is first presented to the trial court in a motion for new trial.

4. SAME—Waiver. All matters occurring on the trial which are proper causes for a motion for new trial, will be deemed to be waived unless presented by motion for new trial, and this court will not consider them after having been once waived.

5. SAME—Exceptions to Testimony—How Presented. The only mode by which exceptions to the admission or exclusion of testimony can be presented for review, is by motion for new trial under the eighth statutory ground for new trial, and by assigning as error the overruling of the motion for new trial.

6. SAME—Statutory Language not Required. It is not necessary to use the language of the statute as a ground for new trial, if definite and specific causes are properly alleged, coming within one of the statutory grounds.

7. INSTRUCTIONS—Not Reviewable on General Exceptions. Where the charge to the jury consists of a series of specific instructions separately stated and numbered, a general exception to the entire charge will not be available if any one of such instructions are correct.

Glaser *et al.* v. Glaser *et al.*

8. **SAME—Objections Not Reviewable on Assignment of Error.** Where proper exceptions have not been taken and preserved to any particular instruction, and the objection presented to the trial court by a proper specification in the motion for new trial, no assignment of error in this court will entitle the complaining party to have the instructions considered.

9. **C O N T R A C T  REQUIRING  REVENUE  STAMPS—Presumption.** Where a contract or conveyance is offered in evidence, executed during the period when revenue stamps were required, and such instrument has the required stamp, it is entitled to go in evidence and in the absence of direct proof to the contrary, the presumption will prevail that it was stamped at the proper time, by the proper person and in the proper sum.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

*M. Fulton, W. F. Wilson* and *C. Porter Johnson,* for plaintiffs in error.

*Howard & Ames,* for defendants in error.

Opinion of the court by

BURFORD, C. J.:    This cause was brought in the district court of Oklahoma county by a portion of the heirs of Gotlieb Glaser, deceased, against the remaining heirs, to have cancelled and set aside certain conveyances and transfers made by the deceased during his lifetime, and for partition of the property described in said conveyances. The cause was tried to a jury, and a general verdict returned in favor of the defendants, and a number of special questions submitted to the jury were answered favorably to the defendants, and in harmony with the general verdict. Plaintiffs moved for a new trial, which was overruled, and judgment rendered upon the verdict for defendants. The plaintiffs bring the cause here for review, and in their brief strenuously

contend that the trial court erred in admitting in evidence the deeds from the deceased to the defendants, for the reason that they did not bear revenue stamps, and also in giving one of the instructions to the jury.

Neither of these alleged errors are properly before this court. The statute, sec. 4493, Wilson's Stat., vol. 2, prescribes eight several specific grounds for which a new trial may be granted. The eighth cause is:

"Error of law occurring at the trial, and, excepted to by the party making the application." This ground for new trial embraces every ruling of the trial court, from the time the empanelling of the jury begins until the verdict of the jury is received and recorded, and where a motion for new trial is properly made, embracing such cause, and is over-ruled by the trial court, an assignment of error in this court to the effect that "The trial court erred in overruling the motion for new trial," will bring up for review every ruling of the trial court properly excepted to at the time, including instructions given or refused when proper exceptions were saved. (*Wood v. Farnham,* 1 Okla. 375.)

This question was fully considered and expressly decided in the case of *Boyd et al. v. Bryan et al.,* 11 Okla. 56. To the same effect is *DaLee v. Blackburn,* 11 Kan. 190; *L. N. & S. Ry. Co. v. Whitaker,* 42 Kan. 634; *Marbourg v. Smith,* 11 Kan. 554; *Bates v. Lyman,* 35 Kan. 634.

The motion for new trial in this case is as follows:

"Comes the plaintiff in the above entitled cause and move the court to grant them a new trial herein for the following reasons:

"First. The verdict of the jury is not sustained by sufficient evidence, and is contrary to law.

"Second. Because the court erred in its instructions to the jury, particularly in that part of the court's charge

relative to circumstantial evidence, and in other parts of said charge."

This motion contains but one statutory ground, and that presents the question of the sufficiency of the evidence to support the verdict. The allegations that the court erred in its instructions to the jury should have been presented under the eighth ground for new trial, viz: "Error of law occurring at the trial and excepted to by the party making the application." And while an assignment in the motion for new trial is sufficient if stated in the statutory language, yet it was held in *Marbourg v. Smith,* 11 Kan. 554, that if instead of following the language of the statute the moving party specifically and minutely points out the errors of which he complains, it will be sufficient. And this court, in *Boyd v. Bryan et al., supra,* followed the same practice.

Adopting this rule, if we should hold that the motion for new trial is sufficiently specific to present for review the exceptions of the plaintiff to the giving of the instructions, we are confronted with a fatal defect in the exceptions made by the plaintiffs at the time the instructions were given. The charge of the court consisted of eight specific propositions, separately stated and numbered, and the rule is well and long settled that a general exception to an entire charge of the court is insufficient and unavailable where any portion of the charge is correct. (*Crosby v. Willis,* 53 Kan. 565; *Insurance Co. v. Davis,* 59 Kan. 521; *Myer v. Moore,* 45 Kan. 580; *Fleming v. Latham & Co.,* 48 Kan. 773; *State v. Wilgus,* 32 Kan. 120; *Hentig v. Kan. Loan & Trust Co.,* 28 Kan. 617; *K. P. Ry. Co. v. Nichols et al.,* 9 Kan. 235; *Ferguson v. Groves et al.,* 12 Kan. 39; *Wheeler v.*

*Jay,* 15 Kan. 389; *Fullenwider v. Ewing,* 25 Kan. 70; *Hunt v. Haines,* 25 Kan. 210.)

And such is the general rule, and applicable to the case under consideration. The exceptions taken by plaintiffs to the charge was a general one; and as the major portion of the instructions given were unquestionably correct statements of the law and unobjectionable, the exception was properly overruled. Such an objection saves no exception to any specific instruction, but only challenges them as a whole, and if the instructions are correct in their general scope, then such exception is correctly overruled, and the trial court commits no error in so holding.

The plaintiffs in error have in their petition in error in this court made specific assignments, complaining of the rulings of the trial court during the progress of the trial, both as to the giving of the instructions and the exclusion and admission of evidence. Such assignments in this court are not available in the absence of a motion for new trial properly embracing the errors complained of and passed on by the trial court. If the matters complained of have been properly embraced in the motion for new trial and the same presented to the trial court, and there overruled, then an assignment of error in this court to the effect that the trial court erred in overruling the motion for new trial presents to this court for review every matter properly included in the motion for new trial. But this court will not reverse a case for errors of the trial court not presented to and passed upon by such court. Any cause for which a new trial may be granted is deemed waived by a failure of the objecting party to move for a new trial upon such ground.

(*Nesbit v. Hines,* 17 Kan. 316; *Atchison v. Byrnes,* 22 Kan. 65; *Lucas v. Sturr,* 21 Kan. 480.)

A motion for a new trial is essential in order to give the trial court an opportunity to review its rulings, and if need be to correct errors which it may have committed, and a failure to present alleged errors to the trial court by a motion for new trial, will be deemed a waiver, and the supreme court will not review such alleged errors unless presented by motion for new trial. (*DeBerry v. Smith,* 2 Okla. 1; *Wood v. Farnham,* 1 Okla. 375; *Vaughan L. Co. v. The Mo. M. & L. Co.,* 3 Okla. 174; *Carter et al. v. The Mo. M. & L. Co.,* 6 Okla. 11; *Beberstein v. Territory,* 8 Okla. 467; *Boyd et al. v. Bryan et al.,* 11 Okla. 56; *Decker v. House,* 30 Kan. 614; *Atchison v. State ex rel.,* 34 Kan. 379; *Hardwick v. Atkinson,* 8 Okla. 608.)

It was also held in *Everett v. Aikens,* 8 Okla. 184, that the appellate court will not review the instructions given by the court to the jury unless such instructions were duly excepted to at the time of the trial.

The supreme court of Kansas has frequently held that error predicated upon alleged erroneous instructions not excepted to, cannot be reviewed in the appellate court. (*Osborn v. Ehrhard,* 37 Kan. 413; *McNally v. Keplinger,* 37 Kan. 550; *Insurance Co. v. Hawley,* 46 Kan. 746.)

The plaintiffs in error having failed to avail themselves of the right to except to each instruction given, or to present for review any proper objections by motion for new trial, they will not be heard in this court to say that any particular instruction was erroneous.

There is no assignment of error, nor was there any ground for new trial urged which will present for our re-

view the rulings of the trial court on the introduction of evidence. There is one ground for new trial which is properly assigned, viz: "That the verdict is not sustained by sufficient evidence, and is contrary to law." But the case was tried to a jury; all the material questions of fact were controverted, and the jury not only found a general verdict against the plaintiffs, but in answer to special interrogatories, found specifically every controverted fact against the plaintiffs. There is evidence reasonably tending to support these findings, and this court cannot disturb the findings on the weight of the evidence.

The question as to whether the deeds which the plaintiffs were seeking to have set aside were properly stamped at the time they were offered for record, does not seem to have been called to the attention of the trial court by the motion for new trial. The plaintiffs sought to have the several deeds declared invalid upon the ground of mental unsoundness of the grantor, or of undue influence by the grantees. Copies of the deeds were attached to the petition as exhibits. These copies the plaintiffs, with the consent of defendants, introduced in evidence for the purpose of showing the character of interest claimed by the defendants. On some of these copies there was no evidence of having been stamped. The defendants afterwards offered in evidence the original deeds, which each bore a revenue stamp. There was no proof offered as to when these stamps were affixed. The law made it the duty of the person executing a deed to affix the stamp; it also made it a crime to omit to stamp an instrument with the intent to defraud the United States. The register of deeds was prohibited from recording a deed until it was

properly stamped, and the deed was made invalid where the stamp was omitted with the intent to defraud. Until the contrary is shown, the law presumes that whatever had been done, had been lawfully done, and that a person has complied with the law. In the absence of proof to the contrary, the presumption is that the deeds were properly stamped by the proper person, and at the right time. If the plaintiffs failed to overcome this presumption, they are in no position to complain. While the objection to the introduction of the deeds in evidence is not saved by any proper assignment in the motion for new trial, we have offered the foregoing suggestion to show that in no event are the plaintiffs in a position to complain.

The judgment of the district court of Oklahoma county is affirmed, at the costs of the plaintiffs in error.

Burwell, J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.