## CARLISLE v. DAWSON.

No. 5242.    Opinion Filed November 2, 1915.

(152 Pac. 825.)

**APPEAL AND ERROR—Presentation Below—Instructions—Evidence.**
    The only mode by which exceptions to the admission or exclusion
    of evidence, or the giving or refusal of instructions, can be
    presented to this court for review, is by filing a motion for a
    new trial in the trial court under subdivision 8 of section 5033,
    Rev. Laws 1910, and by assigning as error in this court the
    overruling of such motion.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Nowata County;*
*T. L. Brown, Judge.*

Action by Charles D. Carlisle against W. R. Dawson. Judgment for defendant, and plaintiff brings error. Affirmed.

*C. W. McVickers* and *Jno. Bruce Cox,* for plaintiff in error.

*W. D. Humphrey,* for defendant in error.

Opinion by RITTENHOUSE, C.    This is an action for damages for breach of contract of sale of 140 tons of hay, alleged to have been bought of the defendant, W. R. Dawson, by Charles D. Carlisle, sole owner of and doing business as Carlisle Commission Company. The right to damages arises upon the failure of the defendant to deliver said hay. Trial was had to a jury and resulted in a judgment in favor of the defendant. Motion for new trial was filed and overruled, and the cause brought here for review.

The grounds of the motion for new trial are: (1) That said verdict is contrary to the evidence; (2) that

said verdict is contrary to the law in the case; (3) that said verdict is contrary to both the law and the evidence. These three grounds are, in fact, but one, coming under the sixth subdivision of section 5033, Rev. Laws 1910, which reads as follows:

"Sixth. That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law."

The plaintiff assigns as error in this court the exclusion of evidence as to the market value of the hay at Kansas City, Mo., and also the giving of certain instructions. Neither of these questions comes within subdivision 6 of the foregoing section, but would come under subdivision 8, which reads as follows:

"Eighth. Error of law occurring at the trial, and excepted to by the party making the application."

All the questions presented by the petition in error occurred during the trial on the admission of evidence and the giving of instructions, and therefore the assignments of error in this court are not available in the absence of a motion for a new trial embracing the errors complained of and decided by the trial court. This question is fully treated in the case of *Glaser et al. v. Glaser et al.,* 13 Okla. 389, 74 Pac. 944, wherein this court held the only mode by which exceptions to the admission and exclusion of testimony could be presented for review is under the eighth statutory ground for new trial, and in the same case it was held that the allegation in the motion for a new trial that the verdict of the jury is not sustained by sufficient evidence and is contrary to law does not present for review error in giving or refusing instructions.

In the view we take of the case at bar, the grounds contained in the motion for a new trial are not sufficient to support the assignment of error relied on in this court. The cause should therefore be affirmed.

By the Court: It is so ordered.